Robert **GOMOLISKY**, et al.,
Appellants–Plaintiffs,

v.

Katherine **DAVIS**, et al., Appellees–
Defendants.

No. 49A02–9905–CV–339.

Court of Appeals of Indiana.

Sept. 29, 1999.

Jacquelyn E. Bowie, Kenneth J. Falk, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, A. Scott Chinn, Special Counsel to the Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Robert Gomolisky ("Gomolisky") appeals from the grant of summary judgment in favor of Katherine Davis and Kathleen Gifford (collectively, "Davis"). Gomolisky raises three issues for our review, which we restate as:

I.     Whether Indiana's provision for agency review in Medicaid appeals violates federal Medicaid regulations.

II. Whether a *de novo* evidentiary hearing is required at the agency review stage in order to satisfy due process and federal Medicaid regulations.

III. Whether agency review must be completed within ninety days.

We affirm in part, reverse in part, and remand.

Gomolisky, as class representative, brought this action for injunctive and declaratory relief on behalf of "all Medicaid recipients or applicants in Indiana for whom a favorable administrative law judge decision was reversed or modified, or who will have such a decision reversed or modified, on agency review, on or after July 7, 1997" against Davis in her capacity as Secretary of the Indiana Family and Social Services Administration ("Secretary"), and Gifford in her capacity as Director of the Indiana Office of Medicaid Policy and Planning. Gomolisky seeks to enjoin Davis from performing agency review of the decisions of administrative law judges ("ALJ") that favor Medicaid applicants or recipients ("applicants").

Medicaid is a federal program of medical assistance for the poor, established by Title XIX of the Social Security Act and funded by the federal government and participating states. 42 U.S.C. § 1396. As a participating state, Indiana is required to submit a state plan to the U.S. Department of Health and Human Services to qualify for matching funds. 42 U.S.C. § 1396(a). A necessary provision of this state plan is the right to an administrative hearing for any person whose claim for Medicaid is denied or is not acted upon with reasonable promptness. 42 U.S.C. § 1396(a)(3). The requirements of the fair hearing are set out in Health Care Financing Administration Fair Hearings Rules, 42 C.F.R. §§ 431.200 to 431.250 (1998).

Under Indiana's fair hearing system, applicants whose claims for Medicaid have been denied may request a hearing before an ALJ ("agency hearing"). At that hear-ing, the applicant has the opportunity to present evidence and witnesses and cross-examine opposing witnesses. The ALJ then issues a decision regarding the applicant's entitlement to benefits. IND. ADMIN. CODE tit. 405, r. 1.1–1–5, –6 (Supp.1999). Any party not satisfied with the ALJ's decision may seek agency review within ten days after receipt thereof. Agency review is based on the record of the agency hearing and is conducted by the Secretary or her designee. IND. ADMIN. CODE tit. 405, r. 1.1–2–1 (Supp.1999).

Gomolisky brought this action in order to enjoin agency review. Both Gomolisky and Davis moved for summary judgment. The trial court granted summary judgment in favor of Davis; Gomolisky appeals. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny,* 627 N.E.2d 1362, 1363 (Ind.Ct.App. 1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

I.

*Agency Review*

■ Gomolisky contends that 405 IAC 1.1–2–1, providing for agency review of ALJ decisions, violates the federal Medicaid fair hearing requirements. 42 C.F.R. § 431.205(b) states: "The State's hearing system must provide for—(1) A hearing before the agency; or (2) An evidentiary hearing at the local level, with a right of appeal to a State agency hearing." Indiana has established a Medicaid hearing system under subsection (1) by provid-

ing for an agency hearing presided over by an ALJ. However, Indiana's hearing system also includes agency review by the Secretary, a procedure not enumerated in 42 C.F.R. § 231.205(b).

Gomolisky argues that the options provided in C.F.R. § 431.205(b) are exhaustive, and that Indiana's implementation of agency review exceeds the scope of, and therefore, violates federal Medicaid law. We disagree. 42 U.S.C. § 1396(a)(3) requires that states participating in the Medicaid program provide applicants with the right to an administrative hearing. Indiana's hearing system does just that. 42 C.F.R. § 431.205(b) sets forth the minimum requirements for the hearing system; it does not prohibit states from implementing more elaborate hearing systems than those specified in the regulation. Although agency review is not mandated by the federal Medicaid regulations, we cannot say that Indiana's Medicaid hearing system, which provides for such review, contravenes those regulations.

Further, we are able to discern no significant harm caused by agency review. While we note that Medicaid benefits cease if a hearing decision in favor of the applicant is reversed on agency review, under Indiana's hearing system that applicant may seek judicial review. IND. ADMIN. CODE tit. 405, r. 1.1–3–1. If the final decision is that the applicant is eligible for Medicaid benefits, corrective payments will be made dating back to the first erroneous decision. 42 C.F.R. § 431.246. Therefore, we hold that 405 IAC 1.1–2–1, providing for agency review of an agency hearing decision, does not contravene federal Medicaid regulations.

## II.

### *Due Process*

■ Gomolisky contends that the agency review procedure violates the due process rights of Indiana's Medicaid applicants. 42 C.F.R. § 431.205(d) provides: "The hearing system must meet the due process standards set forth in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and any additional standards specified in this subpart." *Goldberg* requires that, before benefits can be terminated, the recipient be provided with: timely notice detailing the reasons for the proposed termination, an opportunity to present evidence and confront adverse witnesses, and a decision resting solely on the legal rules and evidence presented at the hearing. 397 U.S. at 267–71, 90 S.Ct. 1011. The additional standards specified in this subpart are set out in 42 C.F.R. §§ 431.240 and 431.242.[1]

■ Gomolisky does not dispute that the requirements of due process under *Goldberg* and 42 C.F.R. § 431.205(d) are afforded to Medicaid applicants at the agency hearing. Instead, Gomolisky contends that the applicants' due process rights are violated at the agency review stage. Relying on *Goldberg*, Gomolisky argues that because payment of Medicaid benefits commences upon agency hearing decisions in favor of applicants,[2] those applicants become Medicaid recipients and are entitled to a *de novo* evidentiary hearing before their Medicaid benefits can be terminated at the agency review stage. We disagree.

---

**1.** 42 C.F.R. § 431.240 provides that the hearing must be held at a reasonable time, date and place, after adequate notice. 42 C.F.R. § 431.242 requires that the applicant be given an opportunity to examine the contents of his case file and the evidence to be used against him, to bring witnesses, to establish all the pertinent facts and circumstances, to present an argument without interference, and to confront and cross-examine adverse witnesses.

**2.** 42 C.F.R. § 431.246 requires that "The agency promptly make corrective payments, retroactive to the date an incorrect action was taken, and, if appropriate, provide for admission or readmission of an individual to a facility if—(a) The hearing decision is favorable to the applicant or recipient[.]"

■ 405 IAC 1.1–1–6 provides that the ALJ's hearing decision "shall be final unless a party requests agency review of the decision in accordance with 405 IAC 1.1–2." Thus, in cases where agency review is requested, the payment of Medicaid benefits is not based on a final decision. Further, agency review is not a new, independent attempt to terminate benefits; it is merely the second step of the hearing system used to determine whether applicants or recipients are eligible for Medicaid in the first instance. For these reasons, we hold that the payment of Medicaid benefits following an ALJ decision does not give rise to the right to a *de novo Goldberg* pre-termination hearing at the agency review stage.

Further, the requirements of due process are satisfied in the agency review process. 405 IAC 1.1–2–1 provides that an agency review "shall be conducted upon the record as defined in IC 4–21.5–3–33,[3] except that a transcript of the oral testimony shall not be necessary for review unless a party requests that one be transcribed at the party's expense." The parties also have the opportunity to submit a memorandum of law. *Id.* 405 IAC 1.1–2–2(a) provides that the Secretary or her designee "shall review the [ALJ's] decision to determine if the decision is supported by the evidence in the record and is in accordance with the statutes, regulations, rules, and policies applicable to the issue under appeal." Thus, upon agency review, the Secretary or her designee is limited to reviewing the record made at the hearing before the ALJ, and is limited to deciding whether the ALJ's decision is supported by the evidence and regulations governing issuance of Medicaid benefits. We hold

that the due process protections of 42 C.F.R. § 431.205(d) are satisfied.

### III.

#### *Ninety–Day Time Limit*

■ Gomolisky contends that both the agency hearing and agency review must be completed within ninety days of an applicant's initial request for an agency hearing. 42 C.F.R. § 431.244(f) provides: "The agency must take final administrative action within 90 days from the date of the request for a hearing." Gomolisky argues that this ninety-day time limit encompasses both the agency hearing and agency review.

Davis argues that 42 C.F.R. § 431.244(f) applies only to the ALJ decision following an agency hearing. She argues that the language of the federal regulations applies only to "hearings" and does not speak to agency review. We are not persuaded by her arguments.

The purpose behind the federal Medicaid fair hearing regulations is to ensure that applicants are given an opportunity to present evidence supporting their claims for benefits. A necessary requirement of this regulatory scheme is that the procedure be completed and the applicants be informed of the final decision within a reasonable time. We have upheld the Indiana regulations providing for agency review; however, we will not allow the purpose of the federal regulations to be circumvented by extending the time limitation for administrative action based on agency review, a procedure not contemplated by the federal regulations. Further, in the previous section of this opinion, we stated that agency review is the second step of Indiana's Medicaid hearing system, and that a decision is not final until agency review, if requested,

---

**3.** Ind.Code § 4–21.5–3–33 (1993) governs the composition of the agency record, which includes: notices of all proceedings; prehearing orders; motions, pleadings, briefs, petitions, requests and intermediate rulings; evidence received or considered; a statement of matters officially noticed; proffers of proof and objections and rulings on them; proposed findings, requested orders and exceptions; the record prepared for the ALJ at the hearing; any final order, nonfinal order, or order on rehearing; staff memoranda; and matters placed on the record after an *ex parte* communication.

is completed. Therefore, we hold that the ninety-day time limit for final administrative action set forth in 42 C.F.R. § 431.244(f) applies to the entire Indiana Medicaid hearing system, including agency review. We reverse and remand with instructions to enter summary judgment in favor of Gomolisky on this issue.

Affirmed in part, reversed in part and remanded.

BAILEY, J., and FRIEDLANDER, J., concur.