**Tim L. GODBY, Appellant–Plaintiff,**

**v.**

**Daniel K. WHITEHEAD, Appellee–Defendant.**

No. 77A01–0504–CV–152.

Court of Appeals of Indiana.

Oct. 26, 2005.

Tim L. Godby, Carlisle, Appellant Pro se.

Daniel K. Whitehead, Yorktown, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Tim L. Godby brought suit against Daniel K. Whitehead for legal malpractice. Godby alleged that Whitehead negligently failed to present a claim that Godby was denied the effective assistance of appellate counsel in his petition for post-conviction relief. In response, Whitehead filed a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted Whitehead's motion and dismissed the complaint with prejudice. Godby appeals and presents a single, dispositive issue for our review, namely, whether the trial court erred when it granted Whitehead's motion to dismiss.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

In 1997, Godby was convicted of Murder following a jury trial. Godby filed a motion to correct error alleging that he was denied the effective assistance of trial counsel. The trial court denied that motion. Then, Godby appealed directly to our supreme court, which affirmed his conviction. *See Godby v. State*, 736 N.E.2d 252 (Ind.2000) (*"Godby I"*). On direct appeal, Godby did not present an argument that he was denied the effective assistance of trial counsel.

In 2001, Godby filed a pro se petition for post-conviction relief. And in August 2002, Godby hired Whitehead to represent him and Whitehead filed an amended petition. The post-conviction court summarily denied his petition and found that Godby had waived his ineffective assistance of trial counsel claim on post-conviction review. Godby appealed and alleged, in part, that the post-conviction court erred when it found that he had waived his ineffective assistance of trial counsel claim. We affirmed, and regarding the ineffective assistance of trial counsel claim, we held that that claim was foreclosed on post-conviction review where the issue was raised in a motion to correct error, but not raised on direct appeal. *See Godby v. State*, 809 N.E.2d 480 (Ind.Ct.App.2004), *trans. denied*, (*"Godby II"*). Godby did not present a claim for ineffective assistance of appellate counsel in his petition for post-conviction relief.

In this civil action, Godby filed a complaint against Whitehead alleging that he committed legal malpractice when he failed to assert a claim for ineffective assistance of appellate counsel in his petition for post-conviction relief. Whitehead filed a Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted

Whitehead's motion and dismissed Godby's complaint with prejudice. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

▪ In reviewing a motion to dismiss granted pursuant to Trial Rule 12(B)(6), our standard of review is well settled. *Burke v. Town of Schererville*, 739 N.E.2d 1086, 1090 (Ind.Ct.App.2000). A 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Id.* Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of that party. *Id.* at 1091. In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.* Further, under notice pleading, a plaintiff need only plead the operative facts involved in the litigation. *Donahue v. St. Joseph County*, 720 N.E.2d 1236, 1239 (Ind.Ct.App.1999). The plaintiff is required to provide a "clear and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue." *Id.*

### Issue One: Motion to Dismiss

Godby contends that the trial court erred when it granted Whitehead's Trial Rule 12(B)(6) motion to dismiss for failure to state a claim. Whitehead maintains on appeal that the trial court's decision to dismiss Godby's complaint was proper because, although Godby's complaint "asserts a claim of legal malpractice," the allegations, even if accepted as true, do not support the relief requested in the complaint. Appellee's Brief at 6. We note that Whitehead commingled Trial Rule 12(B)(6) and Trial Rule 56(C) standards both in his argument to the trial court in support of his motion to dismiss Godby's complaint for failure to state a claim and in his argument on appeal. But because the trial court granted Whitehead's motion without considering evidence outside of the complaint, Godby appeals from a 12(B)(6) motion to dismiss, and we review the trial court's decision under the appropriate 12(B)(6) standard.

▪ We apply a de novo standard of review to Godby's appeal from the trial court's grant of Whitehead's motion to dismiss for failure to state a claim. *See Stulajter v. Harrah's Ind. Corp.*, 808 N.E.2d 746, 748 (Ind.Ct.App.2004). A complaint cannot be dismissed under Trial Rule 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Schulz v. State*, 731 N.E.2d 1041, 1043 (Ind.Ct.App.2000), *trans. denied.* Further, when a trial court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed upon review that the court granted the motion to dismiss on all the grounds in the motion. *Gorski v. DRR, Inc.*, 801 N.E.2d 642, 645 (Ind.Ct.App.2003). Thus, our review includes an examination of the complaint and the arguments Whitehead presented in his motion to dismiss.

▪ As noted above, Godby alleged that Whitehead committed legal malpractice when he failed to raise an ineffective assistance of appellate counsel claim in Godby's

petition for post-conviction relief.[1] Whitehead argued to the trial court, and maintains on appeal, that Godby did not state a claim upon which relief could be granted because Godby has not suffered damage, as he alleged. Whitehead contends, in effect, that Godby's legal malpractice claim is not ripe because when he filed suit he had not exhausted his post-conviction remedies.[2]

A cause of action for legal malpractice does not accrue until the aggrieved party has suffered both an injury to his property and damages. *Anderson v. Anderson,* 399 N.E.2d 391, 401 (Ind.Ct. App.1979). For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Spry v. Batey,* 804 N.E.2d 250, 253 (Ind.Ct.App.2004), *trans. denied.* A legal malpractice plaintiff normally need not exhaust all possible remedies as a condition precedent to bringing the malpractice suit. *Hacker v. Holland,* 570 N.E.2d 951, 953 (Ind.Ct.App.1991), *trans. denied.* And Godby had to file this action within two years of his injury to comply with the applicable statute of limitations. *See* Ind. Code § 34–11–2–4. Therefore, Whitehead's assertion that Godby's claim is premature because he could seek leave to file a successive petition for post-conviction relief is flawed. Indeed, Godby was damaged, if at all, when Whitehead failed to present a claim on post-conviction relief that Godby was denied the effective assistance of appellate counsel.

In *Silvers v. Brodeur,* 682 N.E.2d 811 (Ind.Ct.App.1997), *trans. denied,* we rejected plaintiff's request to adopt a rule adhered to by other states that the statute of limitations for legal malpractice claims does not accrue unless a defendant has received relief from his conviction. Rather, we stated that the "discovery rule should govern the timeliness of legal malpractice actions by criminal defendants. Thus, a criminal defendant is required to

---

1. Initially, we recognize that in *Baum v. State,* 533 N.E.2d 1200, 1201 (Ind.1989), the Indiana Supreme Court stated that "[t]he right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor Article I, Section 13 of the Constitution of Indiana." *Baum,* 533 N.E.2d at 1201. The court continued:

 > We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 *Id.* But Godby alleges that Whitehead committed legal malpractice, not that Whitehead was ineffective in his petition for post-conviction relief. Thus, the trial court must judge Whitehead's performance under the appropriate legal malpractice standard, not the standard applied to claims of ineffective assistance of counsel in post-conviction proceedings.

2. Whitehead claims that Godby could seek leave to file a successive petition for post-conviction relief. In fact, after filing his complaint in the present action, Godby sought leave to file a successive petition for post-conviction relief. Shortly after the trial court granted Whitehead's motion to dismiss, this court declined to authorize Godby's successive petition. We stated, "[Godby] has failed to establish a reasonable possibility that he is entitled to post-conviction relief." *Godby v. State,* Cause No. 33A01–0501–SP–19 (Ind.Ct. App. Mar. 18, 2005). Our refusal to authorize Godby to file a successive petition for post-conviction relief was not a determination on whether Whitehead had committed legal malpractice. Thus, Godby's present claim against Whitehead is not precluded by our decision to deny Godby leave to file a successive petition for post-conviction relief.

file his malpractice action within two years of discovering the malpractice." *Silvers,* 682 N.E.2d at 818. .

Again, Whitehead contends that Godby has not suffered damage because he failed to file a successful petition for post-conviction relief before he filed his complaint. But in *Silvers,* we refused to adopt a rule requiring exoneration or other relief from conviction because such a rule would deny a remedy to those persons who most need it: "those defendants who, by virtue of their attorneys' malpractice, are unable to challenge their criminal convictions." *Id.* (citing *Adkins v. Dixon,* 253 Va. 275, 482 S.E.2d 797 (1997) (criminal defendant precluded from bringing malpractice action against attorney because he had not been granted post-conviction relief, despite fact that post-conviction relief was unavailable because attorney failed to raise certain issues in direct appeal), *cert. denied* ). This court noted that the approach of other jurisdictions "which tolls the statute of limitations [unless and] until the defendant has been exonerated of his underlying conviction essentially permits lawsuits on the basis of an attorney's negligence for an indefinite period of time." *Id.* at 817. Such an approach "does nothing to further the goals of prompt presentation of claims or seasonable notice to defendants." *Id.* In contrast, the rule in Indiana "meets the dual goals of permitting criminal defendants to file claims against their attorneys when they become aware that they have suffered harm, yet relieves attorneys from the prospect of unlimited and unending liability." *Id.* at 818.

 In the present case, Godby's claim against Whitehead for legal malpractice accrued when Whitehead failed to present a post-conviction claim that Godby was denied the effective assistance of appellate counsel. Thus, Godby had two years from that date to file his complaint for legal

malpractice against Whitehead. To reiterate, a criminal defendant does not have to prove his innocence before he files a legal malpractice claim. *Id.* Likewise, Godby was not required to exhaust his post-conviction remedies before he commenced this action.

 Next, Whitehead maintains that dismissal was proper because the facts alleged in Godby's complaint do not support the element of proximate cause. To properly assert a claim for legal malpractice, Godby must allege: (1) that he employed Whitehead; (2) that Whitehead failed to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of damage to Godby. *See Hedrick v. Tabbert,* 722 N.E.2d 1269, 1272 (Ind.Ct.App.2000). But rather than attack the legal sufficiency of the complaint, Whitehead asks us to reach the merits of the case and affirm the trial court's denial because, according to Whitehead, Godby cannot prove proximate cause.

 Proximate cause is generally a question of fact for the jury to decide. *Peters v. Forster,* 804 N.E.2d 736, 743 (Ind.2004). When we review the grant of a 12(B)(6) motion to dismiss, our inquiry is restricted to the legal sufficiency of the claim. *See Mathews v. Hansen,* 797 N.E.2d 1168, 1171 (Ind.Ct.App.2003), *trans. denied.* Thus, Whitehead's argument on appeal that dismissal was proper because the facts alleged do not support the finding of proximate cause is beyond the scope of our review.

 Further, Whitehead contends that the doctrine of res judicata precludes Godby's legal malpractice claim. Essentially, Whitehead maintains that our decision to deny Godby leave to file a successive petition for post-conviction relief precludes his present action for legal malpractice. We cannot agree.

It is true that our courts have recognized that "a finding that counsel was not ineffective can provide the necessary identity of issues to preclude malpractice · actions stemming from the same proceedings." *Wright v. Elston,* 701 N.E.2d 1227, 1233–34 (Ind.Ct.App.1998) (citing *Hockett v. Breunig,* 526 N.E.2d 995, 999–1003 (Ind. Ct.App.1988) (Shields, J., concurring)), *trans. denied; see also Belford v. McHale Cook & Welch,* 648 N.E.2d 1241 (Ind.Ct. App.1995), *trans. denied.* In *Belford,* the plaintiff sued his lawyer, Daniel Byron, and Byron's law firm, McHale Cook & Welch ("MCW"), alleging legal malpractice. Particularly, Belford claimed that Byron committed legal malpractice when he represented Belford against charges that he conspired to make fraudulent statements and representations to the Securities and Exchange Commission. Belford pleaded guilty to those charges but later filed a motion to collaterally attack the validity of his guilty plea and sentence, in part, because Byron was ineffective. The District Court denied his motion, and on appeal, the Seventh Circuit Court of Appeals affirmed.

Then, Belford filed a complaint against Byron and MCW for legal malpractice. The trial court entered partial summary judgment in favor of Byron and MCW, and Belford appealed. On appeal, Belford claimed "that the finding by the Federal District Court, later affirmed by the Seventh Circuit Court of Appeals, that he did not receive ineffective assistance of counsel should not act to collaterally estop his malpractice claims stemming from the same proceedings." *Belford,* 648 N.E.2d at 1245. Relying on Judge Shields' concurrence in *Hockett,* we rejected his contention and held that "the issue of ineffective assistance of counsel was decided unfavorably to him and affirmed in a decision by the Seventh Circuit Court of Appeals." *Id.* at 1246.

Therefore, Belford had been afforded a fair opportunity to litigate his claim that he was denied the effective assistance of counsel. *See id.*

But unlike the circumstances in *Hockett* and *Belford,* no court has addressed Godby's claim that Whitehead was negligent when he failed to assert a claim for ineffective assistance of appellate counsel. Rather, Godby's only claim related to lawyer effectiveness or malpractice that has been adjudicated involved the effectiveness of Godby's trial counsel in his motion to correct error. The trial court rejected Godby's contention, and in *Godby II,* we did not address that claim because we deemed it waived. The present case is easily distinguishable from *Hockett* and *Belford* because, here, our courts have not previously addressed Whitehead's alleged negligence. Thus, our decision to deny Godby leave to file a successive petition for post-conviction relief is not res judicata of his civil claim against Whitehead for legal malpractice.

 Finally, Whitehead asserts that "even if [Godby]'s complaint is not barred by res judicata, it is barred by law of the case doctrine." Appellee's Brief at 11. The law of the case doctrine is a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially similar facts. *Rosby Corp. v. Townsend, Yosha, Cline & Price,* 800 N.E.2d 661, 664 (Ind.Ct.App. 2003), *trans. denied.* To invoke the law of the case doctrine, the matters decided in the prior appeal clearly must appear to be the only possible construction of an opinion, and questions not conclusively decided in the prior appeal do not become the law of the case. *Id.* The doctrine is based upon the sound policy that once an issue is litigated and decided, that should be the end of the matter. *Id.*

Whitehead mistakes our decision to deny Godby leave to file a successive petition for post-conviction relief as a bar to his present civil action for legal malpractice. But when we denied Godby's petition, we did not address whether Whitehead committed legal malpractice when he failed to present a claim that Godby was denied the effective assistance of appellate counsel. In fact, our appellate courts have never addressed Godby's current claim that Whitehead negligently failed to present a claim of ineffective assistance of appellate counsel. Because that question has neither been addressed nor decided on appeal, the law of the case doctrine is inapposite and does not bar Godby's claim for legal malpractice.

We express no opinion on the merits of Godby's claim. Rather, we only conclude that Godby's complaint stated a claim upon which relief could be granted. The trial court erred when it dismissed Godby's complaint.

Reversed and remanded.[3]

BARNES, J., and CRONE, J., concur.

---

3. We note that the trial court also erred when it dismissed Godby's complaint with prejudice. But because we reverse and remand on other grounds, that issue is moot.