William CURTIS, Gary Stewart and Walter Raines, on behalf of themselves and those similarly situated, Appellants–Plaintiffs,

v.

E. Mitchell ROOB, Jr., in his official capacity of Secretary of the Indiana Family and Social Services Administration, and Jeff Wells, in his official capacity as Director of the Office of Medicaid Policy and Planning of the Indiana Family and Social Services Administration, Appellees–Defendants.

No. 49A02–0801–CV–23.

Court of Appeals of Indiana.

July 25, 2008.

Rehearing Denied Sept. 25, 2008.

Gavin M. Rose, Jacquelyn Bowie Suess, ACLU of Indiana, Indianapolis, IN, Attorneys for Appellants.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

A class composed of persons who applied for Medicaid, were denied, and ap-

pealed the denial brought an action against the Indiana Family and Social Services Administration ("FSSA"). The class alleged FSSA violated the due process rights of Medicaid claimants with its policy that prohibits claimants from offering at the appeal hearing evidence of their disabilities that was not included in the initial application. The trial court granted FSSA's motion to dismiss. We reverse.

## FACTS AND PROCEDURAL HISTORY

Medicaid is a federal-state cooperative program to provide medical assistance to persons with insufficient resources or income to pay for the services they need. If a state chooses to participate in the program, as Indiana has, it is bound by the statutory and regulatory requirements of the program. In Indiana, FSSA's Medicaid Medical Review Team (MMRT) makes initial eligibility determinations. The MMRT relies on information gathered by county caseworkers who work with the applicant. The applicant is asked for information about his or her medical history, functional limitations, educational background, and employment history.

A person whose application is denied may ask for a hearing before an administrative law judge (ALJ). Pursuant to FSSA policy, the ALJ will not accept testimony or evidence about disabling conditions at the hearing if that information had not been presented in the application for benefits or assembled by caseworkers.

The Class representatives applied for Medicaid and were denied benefits after the MMRT reviewed the medical information, statements, and other records they provided. The members requested a review of the denial by an ALJ. The ALJ would not accept evidence unrelated to conditions presented in the application or information not gathered before review by the MMRT.

## DISCUSSION AND DECISION

A motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) for failure to state a claim on which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind.Ct.App. 2005), *trans. denied* 855 N.E.2d 1005 (Ind. 2006). We therefore view the complaint in the light most favorable to the non-moving party, here the Class, drawing every reasonable inference in favor of that party. *Id.* In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* The grant of a motion to dismiss is proper if it is apparent the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.* A plaintiff need plead only the operative facts involved in the litigation. *Id.* The plaintiff must provide a clear and concise statement that will put the defendants on notice as to what has taken place and the theory the plaintiff plans to pursue. *Id.* We cannot say the facts alleged in the complaint before us are incapable of supporting relief under any set of circumstances. Dismissal was therefore error.

A state's Medicaid hearing system must provide for a hearing before the agency or an evidentiary hearing at the local level, with a right to an appeal hearing. 42 C.F.R. § 431.205. The hearing system must meet the due process standards set forth in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and any additional standards speci-

fied in the controlling federal regulations. 42 C.F.R. § 431.205(d). The *Goldberg* procedural due process requirements include "an effective opportunity [for the claimant] to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." 397 U.S. at 267–68, 90 S.Ct. 1011.

42 C.F.R. § 431.232 provides if the decision of a local evidentiary hearing is adverse to the applicant or recipient, the agency must "[i]nform the applicant or recipient of his right to request that his appeal be a *de novo hearing*." (Emphasis supplied.) Under § 431.240,

> If the hearing involves medical issues such as those concerning a diagnosis, an examining physician's report, or a medical review team's decision, and if the hearing officer considers it necessary to have a medical assessment other than that of the individual involved in making the original decision, such a medical assessment must be obtained at agency expense and made part of the record.

Under § 431.242, the applicant must be given an opportunity to:

> (a) Examine at a reasonable time before the date of the hearing and during the hearing:
>
> > (1) The content of the applicant's or recipient's case file; and
> >
> > (2) All documents and records to be used by the State or local agency or the skilled nursing facility or nursing facility at the hearing;
>
> (b) Bring witnesses;

(c) Establish all pertinent facts and circumstances;

(d) Present an argument without undue interference; and

(e) Question or refute any testimony or evidence, including opportunity to confront and cross-examine adverse witnesses.

Our own Medicaid statutes explicitly permit the ALJ to receive additional evidence in the Medicaid hearing: "At the hearing, the applicant and county office may introduce additional evidence." Ind.Code § 12–15–28–4.[1]

■ The Class representatives note due process, and the Medicaid regulations, require a *de novo* hearing. They also note the hearing is not to be "adversarial"— instead, the goal of the agency is to assure that claimants who deserve benefits get them. They argue limiting a claimant to information submitted in the original application is inconsistent with those standards. *See Gomolisky v. Davis*, 716 N.E.2d 970, 974 (Ind.Ct.App.1999) (purpose behind Medicaid fair hearing regulations is to ensure applicants have an opportunity to present evidence supporting their claims for benefits), *trans. denied* 735 N.E.2d 228 (Ind.2000).

The Medicaid regulations explicitly refer to a *de novo hearing*. A number of courts have distinguished between *de novo review*, which would not permit consideration of new evidence, and a *de novo hearing*, which would. Under "*de novo* review," the appellate court steps into the trial court's

---

1. In its brief, FSSA does not acknowledge that section or any other provisions of our Medicaid hearing statutes. Instead, it offers this provision of the Administrative Orders and Procedures Act, which requires an ALJ to exclude "irrelevant" evidence: "Upon proper objection, the administrative law judge shall exclude evidence that is irrelevant, immaterial, unduly repetitious, or excludable on constitutional or statutory grounds or on the basis of evidentiary privilege recognized in the courts. In the absence of proper objection, the administrative law judge may exclude objectionable evidence." Ind.Code § 4–21.5–3–26. FSSA characterizes the additional evidence offered by the class representatives as irrelevant.

position, *reviews the same trial record,* and redecides the issue, determining whether the trial court's decision was right or wrong. *Hutch v. State,* 107 Hawai'i 411, 114 P.3d 917, 920 (2005). *See also R.J. Reynolds Tobacco Co. v. North Carolina Dept. of Env't & Natural Res.,* 148 N.C.App. 610, 560 S.E.2d 163, 167 (N.C.Ct. App.2002) (*de novo* review requires the court to consider a question anew, as if not considered or decided by the agency previously, and to make its own findings of fact and conclusions of law rather than relying on those made by the agency), writ denied, review denied 355 N.C. 493, 564 S.E.2d 44 (2002).

A *hearing de novo,* by contrast, is generally not limited to the record below. Our Supreme Court said in *Russell v. Johnson,* 220 Ind. 649, 655, 46 N.E.2d 219, 221 (Ind. 1943), "A review by the full [Industrial Board] *is on the merits and is not for errors.* The *hearing is de novo* as to all parties to the proceeding and the award of the full board supersedes for all purposes the award of the hearing member." (Emphasis supplied.) *And see, e.g., State Contracting and Engineering Corp. v. Dep't of Transp.,* 709 So.2d 607, 609 (Fla.Ct.App. 1998) ("In this context [a bid protest before a state agency], the phrase "*de novo* hearing" is used to describe a form of intra-agency review. The judge may receive evidence ... but the object of the proceeding is to evaluate the action taken by the agency."); *State v. Madison,* 163 Vt. 360, 658 A.2d 536, 543 (1995) (the term "review *de novo*" contemplates a nondeferential review that generally relies on, but is not restricted to, the record, while a "hearing *de novo*" contemplates an entire trial).

In light of the purpose behind the Medicaid fair hearing regulations—to ensure that applicants have an opportunity to present evidence supporting their claims for benefits—and the authority to the effect the "*de novo* hearing" required by the regulations is one where additional evidence may be received, we cannot say the facts alleged in the complaint are "incapable of supporting relief under any set of circumstances." *Godby,* 837 N.E.2d at 149. The complaint therefore should not have been dismissed and we must accordingly reverse.

Reversed.

VAIDIK, J., and MATHIAS, J., concur.