**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2013, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**JASON T. MYERS**
Pendleton, Indiana

ATTORNEY FOR APPELLEE LINDA PHILLIPS, TIPPECANOE COUNTY ASSESSOR:

**DOUGLAS J. MASSON**
Hoffman, Luhman & Masson, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE OFFICE OF THE INDIANA ATTORNEY GENERAL, UNCLAIMED PROPERTY DIVISION:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON T. MYERS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A05-1209-PL-493 |
| | ) | |
| LINDA PHILLIPS, TIPPECANOE COUNTY ASSESSOR and OFFICE OF THE INDIANA ATTORNEY GENERAL, UNCLAIMED PROPERTY DIVISION, | ) ) ) ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**January 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On May 24, 2012, Jason T. Myers filed an action against Linda Phillips, personally and in her capacity as the Tippecanoe County Assessor, and the Office of the Indiana Attorney General, Unclaimed Property Division seeking reimbursement of a $250 bond that was posted by his grandmother on his behalf on January 25, 1997. The trial court dismissed Myers's lawsuit, finding that Myers had failed to state a claim upon which relief could be granted. On appeal, Myers argues that the trial court erred in dismissing his complaint because he had standing to bring the instant action and also because the complaint was timely filed. Concluding that Myers did not have standing to bring the instant action, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 25, 1997, Myers's grandmother, Pauline Beeler, posted a $250 bond for Myers's release from pre-trial incarceration for charges that were subsequently brought under Cause Number 79E01-9706-CM-143 ("Cause No. 143"). Myers, by his own admission, failed to appear for a June 30, 1997 initial hearing relating to Cause No. 143. On December 22, 2001, Myers was again arrested in connection to the charges alleged in Cause No. 143.

2

On December 28, 2001, Myers posted a second $250 bond for his release from pre-trial incarceration.

On June 7, 2002, Myers pled guilty to the charges levied in Cause No. 143. Myers soon thereafter requested that the Tippecanoe County Clerk return the bond monies posted on January 25, 1997 and December 28, 2001. The bond money posted on December 28, 2001, was returned to Myers. However, with respect to the bond posted by Beeler on January 25, 1997, Myers was informed that the bond money was "for some reason not available to [him]."[1] Appellant's App. p. 10.

The bond money posted by Beeler on January 25, 1997, was remitted to the Attorney General's Office to be placed in the Indiana Abandoned Property Fund on October 10, 2002. Records associated with the transfer of the bond money list Beeler as the owner of the bond money. Nothing in the record indicates that Beeler has ever requested that the bond money be returned to her.

On or about August 9, 2011, Myers filed a Notice of Tort Claim informing the State that he intended to bring an action against Linda Phillips, personally and in her capacity as the Tippecanoe County Assessor,[2] and the Office of the Attorney General of Indiana, Unclaimed Property Division ("Attorney General"), claiming that Phillips and the Attorney

---

[1] The facts, as presented, are gleaned from Myers's Notice of Tort Claim and reflect his representation of the facts, not the official words of any representative of the Tippecanoe County Clerk's Office.

[2] The record indicates that Myers filed suit against Phillips in her capacity as Tippecanoe County Assessor. Phillips, who was Clerk of the Tippecanoe County Courts from January 1, 2003 to December 31, 2010, currently serves as the Tippecanoe County Assessor. Myers's claim on appeal, however, appears to relate back to Phillips's prior duties as Clerk of the Court rather than her duties as Assessor.

General had wrongfully failed to remit the bond money posted by Beeler on January 25, 1997, to him. Myers filed a small claims action against Phillips and the Attorney General on May 24, 2012, claiming that they had erroneously denied him the relief requested in his Notice of Tort Claim. Phillips filed a motion to dismiss on June 6, 2012. On July 11, 2012, the case was transferred from the small claims docket to the plenary docket at Myers's request. The Attorney General filed a motion to dismiss on August 10, 2012. On September 5, 2012, the trial court issued an order stating that "It is therefore ORDERED, ADJUDGED and DECREED by the Court that Myers's Complaint is hereby DISMISSED." Appellee Phillips's App. p. 49. This appeal follows.

## DISCUSSION AND DECISION

Myers contends that the trial court erred in dismissing his complaint pursuant to Indiana Trial Rule 12(B)(6). Specifically, Myers argues that the trial court erred in dismissing his complaint because he had standing to bring the claim against Phillips and the Attorney General. Myers also argues that the trial court erred in dismissing his complaint because it was timely filed.

> An Indiana Trial Rule 12(B)(6) motion to dismiss tests the legal sufficiency of a claim, not the facts supporting the claim. *Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005), *trans. denied*. Therefore, we view the complaint in the light most favorable to the non-moving party and draw every reasonable inference in favor of that party. *Id*. When reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id*. The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id*. In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id*.

4

*Estate of Verdak v. Butler Univ.*, 856 N.E.2d 126, 134 (Ind. Ct. App. 2006).

### I. Whether Myers Has Standing to Bring the Instant Claim

"Standing is a fundamental, threshold, constitutional issue that must be addressed by this, or any, court to determine if it should exercise jurisdiction in the particular case before it." *Alexander v. PSB Lending Corp.*, 800 N.E.2d 984, 989 (Ind. Ct. App. 2003).

> The issue of standing focuses on whether the complaining party is the proper one to invoke the court's power. *Scott v. Randle*, 736 N.E.2d 308 (Ind. Ct. App. 2000). The standing requirement assures that litigation will be actively and vigorously contested, as plaintiffs must demonstrate a personal stake in the litigation's outcome in addition to showing that they have sustained, or are in immediate danger of sustaining, a direct injury as a result of the defendant's conduct. *Id*. To establish standing, therefore, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and that the injury is a result of the defendant's conduct. *Hibler v. Conseco, Inc.*, 744 N.E.2d 1012 (Ind. Ct. App. 2001). If properly challenged, when a plaintiff fails to establish standing in the pleadings, the court must dismiss the complaint. *Schulz v. State*, 731 N.E.2d 1041 [(Ind. Ct. App. 2000)].

*Id*.

In order to prove that he had a personal stake in the outcome of the underlying action, Myers would have to prove that he was the legal owner of, and therefore was entitled to recover, the funds in question. Pursuant to the Unclaimed Property Act, an "owner" of the unclaimed property is:

> (1) a person who has a legal or an equitable interest in property subject to this chapter; or
> (2) the person's legal representative.
> (b) The term includes the following:
> (1) A depositor in the case of property that is a deposit.
> (2) A beneficiary in the case of property that is a trust other than a deposit in trust.
> (3) A creditor, claimant, or payee in the case of other property.

Ind. Code § 32-34-1-14.

It is undisputed that Beeler, not Myers, posted the $250 bond for Myers's release on January 25, 1997, and was the legal owner of the funds. It is also undisputed that Myers is not Beeler's legal representative. On appeal, Myers asserts that he had standing to bring the instant claim against Phillips and the Attorney General because Beeler had transferred her interest in the bond money to him in a letter dated March 21, 2011. Myers, however, did not include this assertion in his complaint but rather in documents that he subsequently submitted to the court. The complaint does not demonstrate that Beeler transferred her interest in the bond money to Myers or that Myers was the legal owner of the bond money in question. The complaint merely states that the money "was paid on [Myers's] behalf for [his] release." Appellant's App. p. 9. Again, in determining whether any facts will support the party's claim for the purpose of defeating a Trial Rule 12(B)(6) motion to dismiss, we look only to the complaint and may not resort to any other evidence in the record. *Estate of Verdak*, 856 N.E.2d at 134. Because the complaint filed by Myers does not support his assertion that he was the legal owner of or was entitled to recover the funds in question, we conclude that Myers did not have standing to bring the instant lawsuit against Phillps and the Attorney General. As such, the trial court properly dismissed Myers's action against Phillips and the Attorney General.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.