# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2016, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles Sweeney
Carlisle, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Sweeney,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Senator David C. Long,<br>President Pro Tempore, Indiana<br>General Assembly, et al.,<br>*Appellees-Defendants.* | August 16, 2016<br><br>Court of Appeals Case No.<br>49A05-1602-CT-425<br><br>Appeal from the Marion Superior<br>Court.<br>The Honorable Gary L. Miller,<br>Judge.<br>Cause No. 49D03-1510-CT-33234 |

**Friedlander, Senior Judge**

[1] After Charles Sweeney filed his complaint alleging violations under 42 U.S.C.A. section 1983, the trial court granted the motion to dismiss filed by Senator David C. Long, President Pro Tempore of the Indiana State Senate,

and the Indiana General Assembly among others. Sweeney[1] appeals, arguing that the trial court erred by dismissing his complaint and failing to reach a decision on the merits. We affirm.

[2] Sweeney, who was under investigation in a missing person case involving Danny Guthrie, believed that the lead detective in the case was hounding him during the investigation. *See Sweeney v. State*, 704 N.E.2d 86 (Ind. 1998). Sweeney was investigated by the Bureau of Alcohol, Tobacco, and Firearms in 1992 concerning allegations he had placed a pipe bomb under that detective's vehicle. *Id.* Pursuant to the terms of the guilty plea for the federal offense, Sweeney agreed to implicate all others involved in the bombing, disclose the location of Guthrie's body and any information related to Guthrie's cause of death. *Id.* A search warrant was executed on Sweeney's property at which time Guthrie's body was found at the location described by Sweeney. Testing

---

[1] Sweeney is a prolific litigant, who has been cited by the United States Supreme Court for his repeated abuse of that Court's process, such that the Clerk of that Court is directed not to accept further petitions in noncriminal matters from him unless the docketing fee is paid and the petition is submitted in compliance with United States Supreme Court rules. *See In Re Sweeney*, 134 S. Ct. 2690, 189 L. Ed. 2d 231, 82 USLW 3686 (2014). *See also, Sweeney v. City of Marion*, 27C01-0907-CT-654, transferred to *Sweeney v. City of Marion*, 27D03-0907-CT-216 (dismissed); *Sweeney v. State of Indiana et al.,*10C01-1008-PL-1284 (dismissed); *Sweeney v. Clark County*, 22D01-1009-CT-1798 (dismissed); *Sweeney v. State of Indiana*, 49D12-1010-PL-44297 (dismissed); *Sweeney v. Steve Stewart*, 10C01-1206-MI-53 (dismissed); *Sweeney v. Chief Justice Brent Dickson et al.*, 70C01-1306-MI-259 (dismissed); *Sweeney v. State of Indiana*, 10A01-1308-SP-367 (denial of request to file successive petition for post-conviction relief); *Sweeney v. Indiana Court of Appeals*, 94S00-1310-OR-679 (dismissed); *Sweeney v. State of Indiana,* 10A01-1405-SP-199 (denial of request to file successive petition for post-conviction relief); *Sweeney v. State of Indiana* , 10A01-1411-CR-488 (denied); *State of Indiana ex rel. Charles Sweeney v. Clark County*, 10S00-1503-OR-150 (dismissed), *trans. denied*; *Sweeney v. Vicki Carmichael*, 10C01-1504-MI-71 (pending); *Sweeney v. State of Indiana*, 10A05-1507-SP-975 (denial of request to file successive petition for post-conviction relief); *Sweeney v. Vaidik*, 77A01-1509-MI-1556 (denied), *trans. denied*; *Sweeney v. State of Indiana*, 10A05-1511-SP-2037 (denial of request to file successive petition for post-conviction relief).

revealed that the bullet causing Guthrie's death had been fired from a 9mm gun belonging to Sweeney.

[3] The judge of the Clark Circuit Court issued a warrant to arrest Sweeney for Guthrie's death. At that time, Sweeney was being held in a Kentucky state correctional facility pending sentencing on federal charges. The State requested and the trial court issued a writ of habeas corpus ad prosequendum, for temporary custody of Sweeney. On the same day the writ was issued, Sweeney was scheduled for sentencing in the United States District Court for the Southern District of Indiana. Sweeney was transported to Clark County shortly after the writ was issued.

[4] Later that year, a hearing was held on Sweeney's motion to quash the writ, focusing on concerns that the State did not have jurisdiction over Sweeney. At the hearing, Sweeney argued that prior to his sentencing in federal court, the State could have sought temporary custody of him by way of the writ, but after sentencing, the State was required to follow the procedures set out in the Interstate Agreement on Detainers. The Clark Circuit Court judge granted Sweeney's motion to quash and ordered that the writ be declared void on the ground of Sweeney's custody status—a prisoner awaiting sentencing on federal charges but held in a state correctional facility. The State dismissed the charges against Sweeney.

[5] The murder charges were refiled against Sweeney on March 30, 1994. The State requested and the trial court issued a second writ of habeas corpus ad

prosequendum. Sweeney, who was housed in federal prison in Kentucky at the time, filed a motion to quash the second writ arguing that since the writs were identical, enforcement of the second writ was barred by res judicata. Our Supreme Court held that the trial court's denial of the motion to quash the second writ was not precluded by res judicata because Sweeney's custody status had changed since the first writ was issued. *Id.*

[6]     Tracking language found in Article 1, section 31 of the Indiana constitution, Sweeney submitted an "Application To The General Assembly For Redress Of Grievances Pursuant To Article 1, § 31 Of The Indiana Constitution" to the Indiana General Assembly. Appellant's App. pp. 3-6. Sweeney asked the legislature to repeal Indiana Code section 35-33-10-5 (West, Westlaw current with all legislation of the 2016 Second Regular Session of the 119th General Assembly), and declare that Indiana Code section 35-33-10-4 (West, Westlaw current with all legislation of the 2016 Second Regular Session of the 119th General Assembly), is the exclusive method for a state to produce a defendant in federal custody for the purpose of criminal prosecution on state charges. The Principal Secretary/Deputy Chief Legal Counsel for the Indiana Senate sent a reply to Sweeney indicating that the matter should be resolved "through the court" and that the General Assembly would not take action on his application. *Id.* at 7.

[7]     Sweeney's current appeal challenges the trial court's dismissal of the complaint he filed against Senator David C. Long, President Pro Tempore of the Indiana Senate, and the Indiana General Assembly, among others, after receiving the

response to his application. Sweeney's complaint sought a declaration that Indiana Code section 35-33-10-5 was null and void and an invalid law since the repeal of 18 U.S.C.A. section 4085 on October 12, 1984. Sweeney also sought a declaration that the only way Indiana may obtain temporary custody of a defendant in federal custody for purposes of state criminal prosecution was under Indiana Code section 35-33-10-4, regarding the Interstate Agreement on Detainers. The trial court granted the defendants' motion to dismiss, leading to Sweeney's appeal.

[8] Because the trial court granted the motion to dismiss without stating the grounds relied upon, we presume that the trial court granted the motion to dismiss on all grounds set forth in the motion, looking at the complaint and the arguments made in the motion. *Godby v. Whitehead*, 837 N.E.2d 146 (Ind. Ct. App. 2005), *trans. denied*. While the Appellees' brief frames its argument in support of the dismissal that way, Sweeney's brief and reply brief focuses on the merits of the complaint. Since the trial court did not reach the merits in deciding the issue presented for our review, our review is limited to whether the trial court's dismissal was correct.

[9] Section 1983 of Title 42 provides a civil remedy against any "person" who, under color of state law, subjects a "citizen of the United States" to the "deprivation of any rights, privileges, or immunities" secured by the federal Constitution or federal laws. 42 U.S.C.A. § 1983.

[10] Long's motion to dismiss was filed under Indiana Trial Rules 12(B)(1) (lack of subject matter jurisdiction) and 12(B)(6) (failure to state a claim). The trial court correctly dismissed the complaint for failure to state a claim.

[11] In *Bayh v. Sonnenburg*, 573 N.E.2d 398 (Ind. 1991), our Supreme Court analyzed Section 1983 of Title 42, and followed United States Supreme Court precedent in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), which held as follows:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself . . . . We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.

*Bayh*, 573 N.E.2d at 403 (quoting *Will*, 491 U.S. at 71, 109 S. Ct. at 2311 (citations omitted)).

[12] As in *Bayh*, the defendants in this case, Senator David C. Long, President Pro Tempore of the Indiana Senate, and the Indiana General Assembly are not persons under section 1983. Sweeney's complaint does not state a claim.

[13] Judgment affirmed.

Mathias, J., and Barnes, J., concur.