FILED

Dec 13 2023, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Duran L. Keller
Keller Law
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Natasha A. Burkett
Dykema Gossett PLLC
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Damien Keller,

*Appellant-Plaintiff,*

v.

Nationstar Mortgage LLC d/b/a
Mr. Cooper,

*Appellee-Defendant*

December 13, 2023

Court of Appeals Case No.
23A-CT-1407

Appeal from the Marion Superior
Court

The Honorable Gary L. Miller,
Judge

Trial Court Cause No.
49D03-2212-CT-41690

**Opinion by Judge Crone**
Judges Riley and Mathias concur.

**Crone, Judge.**

## Case Summary

Nationstar Mortgage LLC d/b/a Mr. Cooper (Nationstar) filed a motion to dismiss a complaint for damages filed against it by Damien Keller. Nationstar raised three grounds supporting dismissal. The trial court granted the dismissal with prejudice but did not specify the grounds for dismissal. Keller now appeals, arguing that reversal and remand are appropriate so that the trial court can provide the rationale for dismissal. Under the specific circumstances presented, we agree and therefore reverse and remand.

## Facts and Procedural History

Keller filed a complaint against Nationstar that appears to allege multiple violations of the Real Estate Settlement Procedures Act (RESPA). In his complaint, Keller alleged that he sent a "Notice of Error" letter to Nationstar in January 2022. He alleges that the letter "claimed an error on the part" of Nationstar and "ask[ed] [Nationstar] for information and that [Nationstar] correct the errors claimed" in the letter. Appellant's App. Vol. 2 at 8. He alleged that he also sent a "Request for Information" letter to Nationstar in January 2022 containing essentially the same content. Keller further alleged that he sent a "Second Notice of Error" letter to Nationstar in February 2022. The second letter again allegedly "claimed an error on the part" of Nationstar and "ask[ed] [Nationstar] for information and that [Nationstar] correct the errors claimed in the letter." *Id.* at 9. The complaint alleged that Nationstar's failure to correct these "errors" resulted in it sharing "inaccurate and incomplete information with consumer reporting agencies" regarding "one or more allegedly overdue

payments[.]" *Id*. The complaint further alleged that Nationstar "removed Mr. Keller's account from autopay" and that it "did not provide acknowledgment of receipt of Mr. Keller's request for information within the time permitted." *Id*. Based upon these allegations, Keller requested a money judgment against Nationstar.

[3] In April 2023, Nationstar filed a motion to dismiss the complaint alleging three grounds for dismissal: (1) failure to state a claim upon which relief can be granted pursuant to Indiana Trial Rule 12(B)(6); (2) lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1) to the extent the complaint alleges federal causes of action; and (3) lack of written instruments upon which the claims are based pursuant to Indiana Trial Rule 9.2(A). The trial court granted the motion and dismissed Keller's complaint with prejudice. The trial court's order did not specify the basis for dismissal. Keller subsequently filed a motion to correct error and request for a hearing, both of which were denied by the trial court. This appeal ensued.

## Discussion and Decision

[4] While Keller raises several claims of error, we find it dispositive that the trial court did not state the basis for dismissing Keller's complaint in its dismissal order. As a general matter, when a trial court grants a motion to dismiss without reciting the grounds relied upon, it must be presumed upon review that the court granted the motion to dismiss on all the grounds in the motion. *Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005), *trans. denied* (2006).

However, Nationstar concedes, either by its explicit arguments or by omission, that the only potentially viable ground alleged below for dismissing Keller's complaint would have been pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted.[1] Be that as it may, we must agree with Keller that the trial court's failure to specify its reason for dismissal, coupled with the order providing that the dismissal was with prejudice, constitutes reversible error in this case.

Trial Rule 12(B) provides that "[w]hen a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule." Therefore, a Rule 12(B)(6) dismissal is typically without prejudice because the complaining party remains able to file an amended complaint. *Baker v. Town of Middlebury*, 753 N.E.2d 67, 74 (Ind. Ct. App. 2001). Here, in failing to specify the rationale underlying the dismissal of Keller's complaint, i.e., that the dismissal was in fact pursuant to Indiana Trial Rule 12(B)(6) as opposed to one of the other grounds advanced by

---

[1] Nationstar appears to wholly abandon its Trial Rule 12(B)(1) claim and further concedes that its assertion below, that the complaint should be dismissed pursuant to Trial Rule 9.2(A) because Keller did not attach his RESPA letters to the complaint, is not a legitimate ground for dismissal. *See* Appellee's Br. at 15 (acknowledging that Keller's failure to attach the writings "merely serves to reiterate [Nationstar's] T.R. 12(B)(6) argument that Keller has failed to state a claim."). Although Nationstar attempts to raise lack of standing as a basis for dismissal on appeal, Nationstar did not argue this basis below and therefore the issue is waived. *See First Chicago Ins. Co. v. Collins*, 141 N.E.3d 54, 61 (Ind. Ct. App. 2020) (an argument or issue raised for first time on appeal is waived).

Nationstar, and in entering the dismissal with prejudice (which would have led Keller to believe that the dismissal was NOT pursuant to 12(B)(6)), the trial court essentially prevented Keller from exercising the opportunity to amend his complaint once as of right as permitted in the case of a 12(B)(6) dismissal. In short, had Keller been advised by the trial court that his complaint lacked the specificity required by Trial Rule 12(B)(6), Keller could have attempted to cure any deficiencies by filing an amended complaint.[2]

[6] Under the circumstances, we think Keller was prejudiced by the trial court's failure to provide a rationale for granting a dismissal with prejudice. Therefore, we reverse and remand with instructions for the trial court to enter a revised order which includes its basis for dismissal. Depending on the rationale, Keller may then proceed accordingly.

[7] Reversed and remanded.

Riley, J., and Mathias, J., concur.

---

[2] Nationstar urges that the trial court's erroneous dismissal of Keller's complaint with prejudice "did not preclude him from filing an amended complaint." Appellee's Br. at 14. Nationstar directs us to *DeCola v. Steinhilber*, 207 N.E.3d 440, 447 (Ind. Ct. App. 2023), in which another panel of this Court observed that, "when a trial court rules that a complaint ought to be dismissed because it fails to state a claim upon which relief can be granted, it is essentially ruling that the claims asserted are, as presented, lacking in merit as a matter of law." A plaintiff then "has two options: (1) determine that the claims only currently lack merit because of the way in which they are pleaded—a matter of form—and correct the pleadings; or (2) reject the trial court's ruling and its implication and challenge the ruling on appeal." *Id*. The *DeCola* court noted that a plaintiff is not precluded from correcting the pleadings by amending the complaint even when a trial court erroneously enters a 12(B)(6) dismissal with prejudice. *Id*. at n.8. However, we find *DeCola* inapplicable, as the trial court here did not specifically enter a 12(B)(6) dismissal with prejudice. It simply entered a general dismissal with prejudice.