John RUSSO and Claudia Russo,
Appellants–Plaintiffs,

v.

SOUTHERN DEVELOPERS, INC.,
John G. Brinkworth, Inc.; Brink-
worth Builders, Inc.; Dan Cristiani
Excavating, Inc.; Dan Cristiani; John
G. Brinkworth; John G. Brinkworth,
Jr.; Kim L. Conlee; and Elizabeth W.
Conlee, Appellees–Defendants.[1]

No. 22A04–0608–CV–446.

Court of Appeals of Indiana.

June 13, 2007.

---

**1.** Appellees/Defendants Kim and Elizabeth Conlee did not participate in this appeal. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

William A. Dawkins, Jeffersonville, IN, Attorney for Appellants.

C. Gregory Fifer, Applegate & Fifer, Jeffersonville, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

John and Claudia Russo ("Russos") appeal the trial court's dismissal of their Complaint against Southern Developers, Inc., John G. Brinkworth, Inc., Brinkworth Builders, Inc., Dan Cristiani Excavating, Inc., Dan Cristiani, John G. Brinkworth, and John G. Brinkworth, Jr. (collectively "Developers") for breach of the implied warranty of habitability. We conclude that the prior owners' knowledge of a defect in a home is to be imputed to a subsequent purchaser for purposes of the six-year statute of limitation applicable to claims for breach of the implied warranty of habitability. Here, the prior owners discovered a defect in the home in 1997, but the Russos did not file suit against the Developers until eight years later, in 2005. As such, the Russos' claim against the Developers is barred by the statute of limitation. We therefore affirm the judgment of the trial court.

### Facts and Procedural History

For purposes of a motion to dismiss, we accept as true the following facts alleged in the Russos' complaint. The Developers designed and implemented the surface water drainage system ("drainage system") of the Southern Estates subdivision in Floyd County, Indiana. In 1995, the Developers built a single-family dwelling ("House") in the subdivision. In late 1996, Kim and Elizabeth Conlee ("Conlees") purchased the House. During 1997, the drainage system failed and flooding damaged the House. The Developers attempted to repair the drainage system of the subdivi-

sion, but in 1998, the drainage system failed again, and the Conlees notified the Developers that the flooding problem persisted. In 2001, the Russos purchased the House from the Conlees. The Conlees did not disclose the flooding problem to the Russos. The drainage system failed again in both 2003 and 2004, and flooding damaged the House. In January 2005, the Russos sent the Developers notice of the defect and gave them time to repair the drainage system. The Developers have not repaired the system.

On April 12, 2005, the Russos filed a two-count complaint ("Complaint") against the Developers and the Conlees. Count I alleged a breach of the implied warranty of habitability by the Developers, and Count II alleged fraudulent concealment by the Conlees. The Developers responded with Defendants' Motions to Dismiss for Failure to State Actionable Claim, or Alternatively, to Require Filing of More Definite Statement. The Developers' motion to dismiss alleged (1) that Indiana law provides that the implied warranty of habitability extends for a period of six years following completion of a home and (2) that the six-year period limiting the Developers' liability would have started during 1997 at the latest because the Russos either knew or, with the exercise of ordinary diligence, could have known that the House had experienced drainage problems in 1997. After a hearing, the trial court dismissed the Russos' Complaint against the Developers without prejudice. The Russos now appeal.

### Discussion and Decision

On appeal, the Russos argue that the trial court erred in granting the Developers' motion to dismiss. In reviewing a motion to dismiss granted pursuant to Indiana Trial Rule 12(B)(6), our standard

of review is well-settled. *Godby v. White-head*, 837 N.E.2d 146, 149 (Ind.Ct.App. 2006), *trans. denied.* A 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *Id.* Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of that party. *Id.* In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

■ The Russos' Complaint alleges that the Developers have breached the implied warranty of habitability. The implied warranty of habitability is a warranty that the home will be free from defects that substantially impair the use and enjoyment of the home. *Smith v. Miller Builders, Inc.*, 741 N.E.2d 731, 740 (Ind. Ct.App.2000). In Indiana, a builder-vendor's implied warranty of habitability extends to second or subsequent purchasers. *Barnes v. Mac Brown & Co.*, 264 Ind. 227, 342 N.E.2d 619, 620 (1976). The parties agree that a claim for breach of the implied warranty of habitability is subject to the six-year statute of limitation found at Indiana Code § 34–11–2–7, which provides, in pertinent part:

The following actions must be commenced within six (6) years after the cause of action accrues:

\*   \*   \*   \*   \*   \*

(3) Actions for injuries to property other than personal property[.]

Indiana Code § 34–11–2–7 is a discovery-based statute. *Habig v. Bruning*, 613 N.E.2d 61, 64 (Ind.Ct.App.1993), *trans. denied.* As such, a claim for breach of the implied warranty of habitability accrues, and the statute begins to run, "when the injured party knows or, in the exercise of ordinary diligence, could have known, that he or she had sustained an injury." *Id.*

■ The Russos argue that the statute began to run against them in 2003, when they first experienced flooding in the House and discovered the alleged defect. The Developers contend that the statute began to run against the Russos when flooding first damaged the House in 1997. The issue before us is whether a prior owner's knowledge of a defect in the construction of a house is imputed to a subsequent purchaser for purposes of the statute of limitation applicable to claims for breach of the implied warranty of habitability. We conclude that it is.

■ The Indiana General Assembly has made a policy determination that a claim for breach of the implied warranty of habitability is to be brought within six years of the accrual of that claim. *See* Ind.Code § 34–11–2–7. The general purpose of a statute of limitation is to encourage the prompt presentation of claims. *Havens v. Ritchey*, 582 N.E.2d 792, 794 (Ind.1991). Statutes of limitation find their justification in necessity and convenience rather than in logic. *Id.* They represent expedients, rather than principles. *Id.* They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. *Id.* Builder-vendors are entitled to be sued within six years after the discovery of a defect. *See*

I.C. § 34–11–2–7; *Habig,* 613 N.E.2d at 64. In order to implement this policy choice in cases involving intervening subsequent purchasers, we impute the prior owner's knowledge of the defect to the subsequent purchasers.

Our research has revealed that two other courts have reached this issue, and both held that a prior owner's knowledge of a defect constituting a breach of the implied warranty of habitability is to be imputed to a subsequent purchaser. *Maycock v. Asilomar Development, Inc.,* 207 Ariz. 495, 88 P.3d 565, 570 (Ariz.Ct.App.2004) (holding that "the knowledge of a prior owner is imputed to the current owners" for purposes of an exception to the statute of repose applicable to claims for breach of the implied warranty of habitability); *Curry v. Thornsberry,* 81 Ark.App. 112, 98 S.W.3d 477, 482 (2003) ("The notice of a prior purchaser of defects in the construction of the house is imputed to the subsequent purchaser and bars the subsequent purchaser's action for negligence or breach of implied warranties."), *aff'd by* 354 Ark. 631, 128 S.W.3d 438 (2003). Other courts have reached the same conclusion regarding claims for negligent construction. *See Briggs v. Riversound Ltd. P'ship,* 942 S.W.2d 529, 531 (Tenn.Ct.App.1996) ("[S]ubsequent purchaser may maintain a negligence action against those who constructed a residence, if the defects . . . are latent ones, not known or reasonably discoverable to either the previous owners . . . or subsequent purchaser."), *appeal denied; Bradler v. Craig,* 274 Cal.App.2d 466, 79 Cal.Rptr. 401, 405 (Cal.Ct.App. 1969) ("Knowledge or notice of defects or damage that came to the attention of [plaintiffs'] predecessors in interest would be imputed to plaintiffs as of the date thereof. . . . If the defects were such that a reasonable man would have taken corrective action, the statute [of limitations] would commence to run.").

Because the Conlees' knowledge of the defect in the House is imputed to the Russos, the Russos' claim against the Developers accrued in 1997. Therefore, the Russos' 2005 claim against the Developers was brought after the six-year statute of limitation had run. But the Russos are not without a remedy. Indeed, a subsequent purchaser will rarely, if ever, be left without a remedy. In cases where the subsequent purchaser *does* learn of the defect before purchasing the home, she can either decline to purchase the home or purchase the home and sue before the six-year statute of limitation expires. In cases where the prior owner fails to inform the subsequent purchaser of the defect and the defect is otherwise hidden, the subsequent purchaser will have a cause of action against the prior owner. Here, the Russos allege that the Conlees failed to inform them of the defect. As such, the Russos have sued the Conlees for fraudulent concealment. The trial court did not dismiss that claim, and it is not affected by our opinion.[2]

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

**2.** Another issue discussed by the parties is whether the Russos filed their Complaint within the ten-year statute of repose applicable to construction matters. *See* Ind.Code § 32–30–1–5. The Russos' Complaint alleges that the Developers built the House "[o]n or about 1995," Appellants' App. p. 7, and the Russos filed their Complaint on April 12, 2005. The trial court has not yet addressed this issue, and because this case was properly

dismissed based on the statute of limitation, the question is moot. Likewise, while the trial court has not yet ruled on the Developers' Motion to Require Filing of More Definite Statement, the dismissal of this case on statute of limitation grounds makes that issue moot.