**STATE of Indiana, ex rel., Gregory F. ZOELLER, Attorney General of Indiana, Appellant–Plaintiff,**

v.

**AISIN USA MFG., INC., Appellee–Defendant.**

No. 36A01–0909–CV–442.

Court of Appeals of Indiana.

April 27, 2010.

Gregory F. Zoeller, Attorney General of Indiana, John S. Phillip, Jennifer E. Gauger, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellant.

Phillip R. Scaletta, Mark J. Richards, Edward P. Steegmann, Ice Miller LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

The State of Indiana, ex rel. Gregory F. Zoeller, Attorney General of Indiana ("the State"), filed suit in Jackson Superior Court seeking to recover funds the State claims were erroneously refunded by the Indiana Department of Revenue ("DOR") to Aisin U.S.A. Manufacturing, Inc. ("Aisin") as a result of Aisin's 2001 corporate income tax return. The trial court granted Aisin's motion to dismiss for lack of subject matter jurisdiction. The State appeals and claims that the trial court erred when it concluded that the Indiana Tax Court had exclusive jurisdiction over the

subject matter of the State's claims. We affirm.

## Facts and Procedural History

Aisin is an automobile parts manufacturer located in Seymour, Indiana. For the tax year ending December 31, 2001, Aisin paid its Indiana corporate income tax by completing form IT–20 and filing this form with the DOR.[1] In this form, Aisin reported a total tax due of $1,300,637, and a total of payments and credits of $1,457,000. Aisin indicated on the IT–20 form that the overpayment, i.e., the difference between the payments and credits and the total tax due, of $156,363 be applied to the following year's estimated taxes.

Somehow,[2] the DOR calculated that Aisin had overpaid by $1,227,750. From this, the DOR subtracted the $156,363 that Aisin had directed to be applied to the following year's estimated tax payments, resulting in a calculated refund amount of $1,071,387.57. Therefore, on September 9, 2003, the DOR directed the State Auditor to issue Aisin a warrant in the amount of $1,146,061.83, which included accrued interest. It is apparently undisputed that Aisin negotiated the warrant.

On October 17, 2005, Aisin filed an amended corporate income tax return for the 2001 tax year. In its amended return, Aisin calculated its total tax due as $1,052,369. Aisin also claimed net credits in the amount of $1,301,637. Therefore, Aisin claimed it should receive a refund of

$249,268. When the DOR processed Aisin's amended 2001 return, it discovered its earlier "error."[3] Therefore, on April 3, 2006, the DOR sent Aisin a "Proposed Assessment" which stated in relevant part:

A review of your Indiana Corporate Income tax return(s) for the period ending December 31, 2001 has determined you may owe $616,062.00. This amount includes penalty and interest required by state law.

If you agree with the explanation given on the reverse side of this notice, the amount must be paid by June 2, 2006.

If you do not agree, you have 45 days to submit a written protest with supporting documentation. Your protest must be received by the due date. Please read the enclosed insert for more information.

\*    \*    \*

SUMMARY OF AMOUNT DUE

| | |
|---|---:|
| Original Tax (Corporate Income) | $ 1,052,368.64 |
| Credits | $ 1,768,335.00 |
| Penalty | $ 0.00 |
| Interest—Daily Amount $98.15 | $ 104,277.79 |
| Subtotal | $ -611,688.57 |
| Refunds | $ 1,227,750.57 |
| Amount you owe—Due Date: June 2, 2006 | $ 616,062.00 |

Appellant's App. p. 157.

Aisin filed protests of the Proposed Assessment on June 2, 2006, and on June 30, 2006. In the latter protest, Aisin claimed that the applicable statute of limitations had expired, and requested a hearing

---

1. Aisin filed its 2001 income tax return in October 2002, after filing for an automatic extension of the April 14, 2002 deadline.

2. Despite our best efforts, we are still unable to understand the DOR's explanations as to precisely how it calculated Aisin's overpayment.

3. The DOR claims that it miscalculated Aisin's refund "[d]ue solely to clerical errors posting Aisin's credits and payments in the [DOR]'s computer system, Revenue Process-

ing System, as a result of Aisin's election to switch from a fiscal year to a calendar year taxpayer[.]" Appellant's Br. p. 4. The DOR claims that its computerized Revenue Processing System ("RPS") showed that Aisin had a carryover credit of $969,335 from the 2000 tax year, whereas Aisin showed no carryover. The DOR also claims that a billing clerk made errors in entering the data from Aisin's paper tax return into the RPS, causing Aisin's 2001 tax liability to be only $540,583.42. Appellant's App. p. 191.

"[s]hould the [DOR] disagree with" Aisin's position. Appellant's App. p. 165.

When a taxpayer files a protest of a proposed tax assessment, the relevant statute provides that the DOR shall hold a hearing if requested by the taxpayer and, no later than sixty days after the hearing, shall issue a letter of findings. Ind.Code § 6–8.1–5–1(d), (f) (2006). Here, instead of holding the requested hearing and issuing a letter of findings, the DOR cancelled the Proposed Assessment on April 3, 2006. The DOR now claims that it did so because it had concluded that Aisin had paid the proper amount of tax and therefore there was no tax due and that it had "no statutory authority . . . to issue an assessment on a properly filed and calculated tax return." Appellant's Br. p. 5. However, the letter notifying Aisin of the cancellation of the Proposed Assessment was not as forthcoming and simply stated:

Dear Sir or Madam:

Your recent explanation and/or payment, with respect to the specific liability number referenced above,[4] is satisfactory. No further action is required on your part for this liability.

Please note: this letter applies only to the liability number, tax type and period end date referenced above. This letter does not apply to any other outstanding tax liabilities.

Please keep this document with your tax records as verification of resolution.

We appreciate your cooperation in this matter.

INDIANA DEPARTMENT OF REVENUE

Disclaimer: This statement does not include any taxpayer's unfiled returns

with the Department or any audits being conducted by the Department of Revenue.

Appellant's App. p. 179.

Despite the abundantly clear language of this letter to the contrary, the matter was hardly resolved. On March 14, 2007, the DOR sent Aisin a letter asserting that it owed the State $616,062 as a result of what it termed an "overpayment." Appellant's App. p. 169. The DOR claimed that the amount owed was not "an assessment of additional tax but represent[ed] money owed by Aisin . . . to the state of Indiana." *Id.* And again, on January 9, 2008, the DOR sent Aisin a letter claiming that Aisin had erroneously been refunded $616,062 and that if Aisin paid this amount to the DOR within thirty days, the DOR would "abate any penalties or interest which may have accumulated against this amount." Appellant's App. p. 173.

On July 30, 2008, Aisin's counsel sent the DOR a letter insisting that the DOR's collection efforts were untimely, rejecting the DOR's claim that its collection efforts were not an assessment, and asserting that if it was not an assessment, then the DOR was acting outside its statutory authority. Aisin's counsel also disputed the DOR's calculations, concluding, "I do not believe any amount is owed to the Department." Appellant's App. p. 177. Aisin also repeated its request[5] that the DOR issue a letter of findings. On August 7, 2008, the DOR sent another letter to Aisin, this time contending that Aisin "was erroneously overpaid the sum of $546,994.56 and that . . . Aisin's continued wrongful retention of this amount d[id] not represent the action

---

4.  The reference number listed is the same as that listed on the Proposed Assessment notice.

5.  In this letter, Aisin's counsel asserted that Aisin had made a request for a letter of find-

ings in a letter sent to the DOR on May 21, 2008, "and in that letter noted that it had previously made that request on several occasions[.]" Appellant's App. p. 177.

of a responsible corporate citizen." *Id.* at 181. The DOR also informed Aisin that it intended to "pursue whatever means available to recover this amount." *Id.*

Ultimately, the parties were unable to reach an agreement, and on April 29, 2009, the State filed a complaint in Jackson Superior Court ("the trial court"), claiming unjust enrichment and criminal theft, seeking statutory treble damages and the imposition of a constructive trust. In the complaint, the State claimed its loss totaled $1,146,061.83 for which it was entitled to treble damages of $3,438,185.49. Appellant's App. p. 22. Aisin responded on June 19, 2009, by filing a motion to dismiss for lack of subject matter jurisdiction. In its motion and supporting brief, Aisin claimed that the Indiana Tax Court had exclusive jurisdiction over the subject matter of the State's complaint and that the trial court was therefore without jurisdiction to hear the matter. The State filed a responsive memorandum on June 30, 2009, and on July 31, 2009, the trial court held a hearing on the matter. On August 10, 2009, the trial court granted Aisin's motion to dismiss, concluding that it lacked subject matter jurisdiction. The State now appeals.

### Standard of Review

The State appeals from the trial court's grant of Aisin's motion to dismiss for lack of subject matter jurisdiction. In *GKN Co. v. Magness,* 744 N.E.2d 397, 400 (Ind. 2001), our supreme court clarified the standard to be used on review of a trial court's ruling on a motion to dismiss for lack of subject matter jurisdiction. If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law, and our review is *de novo.* *Id.* If, however, the facts before the trial court are in dispute, then our standard of review focuses on whether the trial court conducted an evidentiary hearing. *Id.* If the trial court did not conduct an evidentiary hearing on the disputed facts and instead ruled on a paper record, then no deference is afforded the trial court's findings or judgment, and our review is *de novo.* *Id.* Here, both parties agree that the trial court did not conduct an evidentiary hearing and that our standard of review is therefore *de novo.*

### Discussion and Decision

As explained in *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996), the General Assembly created the Tax Court in 1986 in an effort to channel tax disputes to a specialized tribunal. The Tax Court is a court of limited jurisdiction and has "exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a final determination made by ... the department of state revenue with respect to a listed tax...." Ind.Code § 33–26–3–1 (2004). Only if these two prerequisites are met does the Tax Court have exclusive jurisdiction. *Sproles,* 672 N.E.2d at 1356.

A case "arises under" the tax laws for purposes of determining Tax Court jurisdiction if: (1) an Indiana tax statute creates the right of action; or (2) the case principally involves collection of a tax or defenses to that collection. *Id.* at 1357. Here, neither party claims that any tax statute created the State's right of action. Instead, they focus on whether the present case "arises under" the tax statutes because it "principally involves collection of a tax or defenses to that collection." *Id.* The State argues that its claims against Aisin do not involve the collection of a tax because it does not claim that Aisin owes any more tax; rather, it is simply seeking to recover the money it mistakenly refunded to Aisin.

To be sure, the State is correct that the claims it brought against Aisin in the trial

court do not directly involve the collection of a tax or a defense to that collection. But it is readily apparent that the "mistake" upon which the State bases its claim is a mistake regarding the calculation of a tax refund. The only way to determine whether the refund was indeed a mistake, or to determine the extent of the mistake, is to determine Aisin's 2001 income tax liability by reference to the applicable income tax statutes. The affidavit of the DOR's own expert claimed that its mistake was a result of a billing clerk's errors, which "included a dividends-received deduction of $9,395,985.00, a foreign-dividends gross up deduction of $140,112.00, and a deduction for 'other adjustments/foreign source dividends' in the amount of $494,371.00, all of which resulted in reductions in [Aisin]'s taxable income that were not reflected in" Aisin's tax 2001 tax return. Appellant's App. p. 191. Whether this billing clerk made these mistakes and, if so, to what extent they affect Aisin's tax liability and refund are quintessentially tax matters. We believe that regardless of how the State has styled its claims against Aisin, the underlying core of these claims is an income tax issue which "arises under" the tax statutes.

Even if a case arises under the tax statutes, the Tax Court does not have exclusive jurisdiction over a case unless it is also an initial appeal of a "final determination" by the DOR. *Sproles*, 672 N.E.2d at 1357. A taxpayer receives a final determination in one of two ways: (1) the taxpayer can pay the tax, request a refund, and sue in the Tax Court if the refund request is denied; or (2) the taxpayer can protest the listed tax at the assessment stage and appeal to the Tax Court from a letter of findings denying the protest. *Sproles*, 672 N.E.2d at 1357 (citing Ind.Code § 6–8.1–5–1).

■ The second prong of the State's jurisdictional argument is that the Tax Court could not have exclusive jurisdiction because the DOR did *not* enter a letter of findings in this case. But the DOR did initially attempt to recover from Aisin by issuing a Proposed Assessment of tax, and Aisin objected to this Proposed Assessment. Pursuant to Indiana Code section 6–8.1–5–1(d) (2006), if a taxpayer files a protest of a proposed assessment notice and requests a hearing on the protest, "the [DOR] shall: (1) set the hearing at the department's earliest convenient time; and (2) notify the person by United States mail of the time, date and location of the hearing." Pursuant to subsection (f) of this section, "No later than sixty (60) days after conducting a hearing on a protest, or after making a decision on a protest when no hearing is requested, the [DOR] shall issue a letter of findings and shall send a copy of the letter through the United States mail to the person who filed the protest...."

Thus, when Aisin filed its objection and requested a hearing, the DOR was statutorily obligated to hold a hearing and issue a letter of findings. *See Parmeter v. Cass County Dep't of Child Servs.*, 878 N.E.2d 444, 448 (Ind.Ct.App.2007) (noting that a statute using the word "shall" generally connotes a mandatory as opposed to a discretionary import). We do not think that the DOR may unilaterally cancel a proposed tax assessment, fail to hold a hearing, and fail to issue a letter of findings in an attempt to deprive the Tax Court of jurisdiction, only to then attempt to litigate the issue in a trial court of general jurisdiction. The governing statute is clear and unambiguous: the hearing and letter of findings are not optional and may not be ignored simply because the DOR fears that the Tax Court's eventual ruling will not be favorable to the DOR.

■ Moreover, as explained in *Wayne Township v. Indiana Department of Local Government Finance*, 865 N.E.2d 625, 628 (Ind.Ct.App.2007), *trans. denied*:

> [T]he lack of a "final determination" by a tax-related agency, which is equivalent to a failure to exhaust administrative remedies, only acts to deprive the Tax Court of subject matter jurisdiction to consider the case; it does *not* mean that a trial court, therefore, has subject matter jurisdiction to consider the merits of the case. Such a result would frustrate both the exhaustion of remedies requirement and the clear legislative intent that the Tax Court should consider all tax-related judicial appeals.

In other words, the Tax Court does not have jurisdiction unless and until the DOR issues a letter of findings. But through its own unilateral and strategic action or inaction, the DOR cannot vest the trial court with jurisdiction it does not have on its own.[6]

We therefore conclude that the trial court did not have subject matter jurisdiction over the present case and that jurisdiction instead properly lies with the Tax Court, when and if the DOR issues a letter of findings. Were we to hold otherwise, the DOR could avoid the jurisdiction of the Tax Court any time it wished by refusing to issue a letter of findings in the manner of its actions in this case. This would frustrate the clear public policy determination of the General Assembly to channel tax disputes to a specialized Tax Court.

The State claims that, if it is not permitted to proceed with its claims in the trial court, then it will be without recourse. Specifically, the State claims that the DOR did not have the authority to issue a tax assessment to recover an improper refund. The State notes that it was not until 2009 that Indiana Code section 6–8.1–5–2(g) was amended to provide that "[i]f any part of a listed tax has been erroneously refunded by the department, the erroneous refund may be recovered through the assessment procedures established in this chapter." However, even prior to the cited amendment, the Tax Court rejected the argument that the DOR had no statutory authority to recover an erroneously issued refund. *See UACC Midwest, Inc. v. Ind. Dep't of State Revenue*, 667 N.E.2d 232, 243 n. 8 (Ind.Tax.Ct.1996).

The State also claims that it will be without recourse because the statute of limitations has expired, and indeed this is the most serious possible result. It would appear that the DOR cancelled its proposed assessment at least in part because it feared that Aisin would prevail in its defense that the DOR's proposed assessment was barred by the applicable statute of limitations. Aisin filed its original 2001 tax return on October 9, 2002 and the statute of limitations would have expired in October 2005. *See UACC Midwest, Inc. v. Ind. Dep't of State Revenue*, 629 N.E.2d 1295, 1301 (Ind.Tax.Ct.1994) (holding that three-year statute of limitations for tax assessment commences with the latter of the due date or filing of the original, not the amended return). But the DOR did not issue its proposed assessment until April 3, 2006.

■ The purpose of any statute of limitation is to encourage the prompt presentation of claims, and such statutes are justified by necessity and convenience rather than logic. *Russo v. S. Developers.*,

---

6. This is not an instance in which neither the Tax Court nor a trial court has jurisdiction. The solution is simple and in the control of the DOR—it need only fulfill its statutory obligation to issue a letter of findings, and then the Tax Court would obtain statutory jurisdiction over what in every respect is a tax case.

*Inc.,* 868 N.E.2d 46, 48 (Ind.Ct.App.2007). They are practical and pragmatic devices to spare courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. *Id.*

As Americans, and as Hoosiers, we take great pride in being a society of laws rather than of men. If so, statutes of limitation should apply regardless of whether the State is the plaintiff or a defendant, and regardless of whether the State claims it is entitled to recover very large sums or is defending itself against claims for very large sums.[7] In *UACC,* 629 N.E.2d at 1298–99, the Tax Court held that a taxpayer could not seek a refund for a tax period outside the statute of limitations. We believe the same reasoning applies to the State when it seeks to recover an allegedly improper tax refund outside the relevant limitations period. To have any real meaning, statutes need to apply equally to the State as well as to its citizens.

The trial court did not have subject matter jurisdiction to hear the State's claims. The trial court therefore properly granted Aisin's motion to dismiss.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

---

7.   The Indiana General Assembly enacted the Tort Claims Act in 1974 to establish procedures for cases involving tort claims against governmental entities. *Garnelis v. Ind. State Dep't of Health,* 806 N.E.2d 365, 367–68 (Ind. Ct.App.2004) (citing *State v. Willits,* 773 N.E.2d 808, 814 (Ind.2002)). The Tort Claims Act provides that a claim against the State is "barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs." *Id.* (citing Ind.Code § 34–13–3–6(a)). And a claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the Indiana political subdivision risk management commission within 180 days after the loss occurs. *See id.* at 368 n. 2 (citing Ind.Code § 34–13–3–8(a)).