ATTORNEYS FOR APPELLANTS
Kevin W. Betz
Sandra L. Blevins
Jamie A. Maddox
Betz & Blevins
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Daniel D. Trachtman
Erica K. Drew
Wooden & McLaughlin LLP
Indianapolis, Indiana

Andrew W. Hull
Alice M. Morical
Amanda L.B. Mulroony
Hoover Hull LLP
Indianapolis, Indiana

---

## In the
## Indiana Supreme Court



FILED
Jun 29 2015, 4:08 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S05-1506-PL-400

JEFFREY M. MILLER AND
CYNTHIA S. MILLER,                                    *Appellants (Plaintiffs)*,

v.

KRISTINE C. DANZ,                                     *Appellee (Defendant)*.

---

Appeal from the Marion Superior Court
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1003-PL-14761

---

On Transfer from the Indiana Court of Appeals, No. 49A05-1401-PL-45

---

**June 29, 2015**

**Dickson, Justice.**


This appeal challenges summary judgment in favor of a named defendant substituted in an amended complaint for a previously unknown "John Doe" defendant after expiration of the applicable statute of limitations.  We affirm.

This particular appeal stems from ongoing litigation involving Jeffrey M. Miller, former president and CEO of Junior Achievement of Central Indiana, Inc. ("JACI"), and his wife Cynthia S. Miller.[1] Following a lost job opportunity with the Indianapolis Mayor's Office, Miller[2] filed a complaint on March 31, 2010. Miller filed multiple amended complaints, ultimately alleging several individuals and organizations committed torts against Miller, including defamation *per se*, defamation *per quod*, invasion of privacy—false light, tortious interference with a business relationship, and intentional infliction of emotional distress. On January 31, 2012, Miller filed a Fourth Amended Complaint to add "JOHN DOE #8, a partner, employee or agent of Ice Miller, LLP" as a defendant in the action and alleged that John Doe #8 told Ms. Cotterill, who in turn told Mr. Cotterill, that "CICF was planning to sue Mrs. Miller for misappropriation of funds." Appellants' App'x at 225, 236. And on February 8, 2013, Miller requested leave to file a Fifth Amended Complaint, "to substitute . . . Kristine C. Danz, as a substitute for John Does #8, a partner, employee or agent of Ice Miller, LLP." *Id.* at 281. Miller claimed "the identity of Ms. Danz as John Doe #8 was only recently discovered on January 18, 2013" during a deposition. *Id.* at 283.

Danz moved for summary judgment on grounds that Miller's attempt to add her as a named party was barred by the two-year statute of limitations and, further, that Miller's claims for defamation failed on the merits. After a hearing at which the parties primarily argued the statute of limitations issue, the trial court granted Danz's motion for summary judgment and directed that final judgment be entered. The trial court did not issue findings of fact or conclusions of law. The Court of Appeals affirmed. Miller v. Danz, 27 N.E.3d 774 (Ind. Ct. App. 2015).

We review a summary judgment decision *de novo*, applying the same standard as the trial court. A trial court is not required to enter findings of fact or conclusions of law on summary judgment, and we may affirm a grant of summary judgment upon any theory supported by the

---

[1] Other trial court rulings in Miller's case have spawned nine different appeals and resulted in four other opinions to date: Miller v. Cent. Ind. Cmty. Found., 11 N.E.3d 944 (Ind. Ct. App. 2014), *trans. denied*; Miller v. Fed. Express Corp., 6 N.E.3d 1006 (Ind. Ct. App. 2014), *trans. denied*; Ind. Newspapers, Inc. v. Miller, 980 N.E.2d 852 (Ind. Ct. App. 2012), *trans. denied*; In re Ind. Newspapers Inc., 963 N.E.2d 534 (Ind. Ct. App. 2012), *trans. not sought*, where further detail can be found.

[2] Miller's wife also filed a loss of consortium claim. We refer to the plaintiffs collectively as "Miller."

evidence.  *See* <u>Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.</u>, 7 N.E.3d 263, 267 (Ind. 2014).  Summary judgment may be granted or affirmed only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Ind. Trial Rule 56(C), *quoted in* <u>David v. Kleckner</u>, 9 N.E.3d 147, 149 (Ind. 2014).  Interpretation of our Trial Rules is also a question of law that we review *de novo*.  <u>State v. Holtsclaw</u>, 977 N.E.2d 348, 349 (Ind. 2012).

Miller appeals the grant of summary judgment in Danz's favor, arguing in part that "Rule 17(F) of the Indiana Rules of Trial Procedure" allows the true name of a John Doe to be "inserted by amendment at any time" and that his lack of knowledge of Danz's identity would qualify as a mistake for purposes of relation back under Trial Rule 15(C).  Appellants' Br. at i.  Danz responds in part that lack of knowledge of a defendant's identity does not constitute a mistake under Rule 15(C).

Trial Rule 17 discusses the method of naming parties.  As relevant here, it provides:

> **(F) Unknown persons.** *When the name or existence of a person is unknown*, he may be named as an unknown party, and when his true name is discovered *his name may be inserted by amendment at any time*.

Ind. Trial Rule 17(F) (emphases added).  Trial Rule 15 governs the amendment of pleadings, providing in relevant part:

> **(A)  Amendments.**  A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.
> * * * *
> **(C)  Relation back of amendments.**  Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if* the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, *the party to be brought in by amendment:*
> > (1)   has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
> > (2)   *knew or should have known that but for a mistake concerning the identity of the proper party*, the action would have been brought against him.

Ind. Trial Rule 15 (emphases added).

It is undisputed that all of Miller's claim against Danz are subject to a two-year statute of limitations. *See* Ind. Code § 34-11-2-4(a) ("An action for . . . injury to person or character . . . must be commenced within two (2) years after the cause of action accrues."). The parties also agree that Miller's cause of action arose, at the latest, on March 19, 2010, the day Miller learned through a conversation with Chris Cotterill, then Chief of Staff for the Mayor of Indianapolis, that others had made statements to Cotterill that may have influenced his decision not to hire Miller. Both parties argue in part that Trial Rule 17(F) is limited by Trial Rule 15(C). We disagree.

In this matter of first impression,[3] we find Trial Rule 15(C) does not supersede Trial Rule 17(F) nor does it apply to the "John Doe" situation before us and affirm the trial court's judgment on the proper application of Trial Rule 17(F) alone. Where Trial Rule 15(C) addresses the relation back of amendments "changing the party against whom a claim is asserted," it requires that the party to be brought in by amendment "knew or should have known that but for *a mistake concerning the identity* of the proper party, the action would have been brought against him." T.R. 15(C) (emphasis added). In contrast, Trial Rule 17(C) applies where "the name or existence of a person is *unknown*." T.R. 17(F) (emphasis added). Adding a new party because there has been a mistake concerning the identity of the proper defendant, i.e. a misnomer, is not akin to inserting a name for a previously unknown "John Doe" defendant. *See* <u>Crossroads Serv. Ctr., Inc. v. Coley</u>, 842 N.E.2d 822, 826 (Ind. Ct. App. 2005) (citing <u>Baskin v. City of Des Plaines</u>, 138 F.3d 701, 704 (7th Cir. 1998); <u>Delgado–Brunet v. Clark</u>, 93 F.3d 339, 344 (7th Cir. 1996)) (finding relation back under Trial Rule 15(C) is permitted only "when an error has been made concerning the identity of the proper party," not "when there is a lack of knowledge of the proper party"), *trans. denied.* Because there was no "mistake," Trial Rule 15(C) has no application to

---

[3] Miller cites <u>Sinks v. Caughey</u>, 890 N.E.2d 34 (Ind. Ct. App. 2008), *trans. not sought*, as support for grafting the requirements of Trial Rule 15(C) onto Trial Rule 17(F). Miller misreads the <u>Sinks</u> case. Although a John Doe complaint was filed in <u>Sinks</u>, the John Doe party was eventually stricken from the action, and the plaintiff later sought an amendment to add a new party defendant after expiration of the applicable statute of limitations under Trial Rule 15(C). 890 N.E.2d at 38.

4

the case before us. Looking at Trial Rule 17(F), we agree with Miller that the plain language of Rule 17(F) permits amendment to insert the name of a previously unknown defendant "at any time"—without any limitation.[4]

From the designated evidence, however, particularly Miller's statements during the March 19, 2010, conversation with Cotterill, it is clear that Miller knew of the existence and the name of John Doe #8 before he commenced this action. During the conversation, Cotterill told Miller he had heard that Miller or JACI was "going to be sued by the CICF [Central Indiana Community Foundation] for misappropriation of funds" and that the source of his information was a lawyer who worked with his wife at Ice Miller, LLP. Appellants' App'x at 477. The relevant part of the conversation follows:

> Jeff Miller: So where did that come from?
> Chris Cotterill: Some lawyer contacted Sarah [Cotterill's then-wife], and I think that that lawyer's at Ice Miller. I didn't really get into that with her.
> Jeff Miller: *Okay. That helps me, because I can trace that actually.*
> Chris Cotterill: Yeah, I mean—
> Jeff Miller: There's a . . . Harry Danz who works—who is on the executive committee at JA[CI]; his wife works at Ice Miller.
> Chris Cotterill: Okay. And I—
> Jeff Miller: *So that would make sense.*

*Id.* at 344 (emphases added). Miller contends he has been "diligent in pursuing the true identity of Doe #8" and did not learn that Doe #8 was actually Danz until the deposition of Ms. Cotterill on January 18, 2013. Reply Br. at 4. Miller admits, however, he "may have suspected Doe #8" but "could not name a specific individual" until he "knew from sworn testimony the identity of Doe #8." *Id.* at 5 n.1. Because of Miller's undisputed knowledge of Danz's existence and probable identity before he initiated this action, neither her existence nor her identity were "unknown"

---

[4] Consistent with this analysis, this opinion disapproves <u>Berns Constr. Co. v. Miller</u>, 491 N.E.2d 565 (Ind. Ct. App. 1986), *summarily aff'd in relevant part* by 516 N.E.2d 1053 (Ind. 1987), to the extent it intimates that an amendment to insert a real party in interest for a previously named unknown party is akin to changing a party within the meaning of Trial Rule 15(C). This Court granted transfer in <u>Berns</u> to resolve a conflict among Court of Appeals opinions concerning competing statutes of limitation and statutes of repose. *See* 516 N.E.2d 1053, 1053. When this Court summarily affirms all or part of a decision of the Court of Appeals, the effect is essentially the same as a denial of transfer. *See* <u>Martin v. Amoco Oil Co.</u>, 696 N.E.2d 383, 386 n.4 (Ind. 1998). The opinion or portion thereof summarily affirmed in <u>Berns</u>, 491 N.E.2d 565, is considered as Court of Appeals authority only. Ind. Appellate Rule 58(A)(2).

to Miller, as required in Trial Rule 17(F), and thus Miller cannot avail himself of the Rule's authorization to insert her name "at any time." We decline to expansively interpret and apply "unknown" as used in the Rule, and thus find the circumstances of plaintiff's probable knowledge of this defendant's identity to have been sufficient to preclude operation of the Rule's unlimited extension of the statute of limitations.

## Conclusion

Finding that the existence and identity of Kristine C. Danz was not unknown to the plaintiff before he commenced this action, yet he waited until after expiration of the applicable statute of limitations to substitute her name for John Doe #8, we affirm summary judgment in Danz's favor.

Rush, C.J., and Rucker, David, and Massa, JJ., concur.