## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
|---|---|
| William Powell | Dustin R. DeNeal |
| Indianapolis, Indiana | Elizabeth M. Little |
| | Faegre Baker Daniels LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Powell, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, <br> *Appellees-Defendants* | August 8, 2019 <br><br> Court of Appeals Case No. 19A-SC-412 <br><br> Appeal from the Marion Small Claims Court <br><br> The Honorable Brenda A. Roper, Judge <br><br> Trial Court Cause No. 49K01-1810-SC-6782 |

**Crone, Judge.**

# Case Summary

William Powell, pro se, appeals the orders of the small claims court denying his motion for default judgment and granting the motion for judgment on the complaint filed by Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (collectively referred to as "Wells Fargo"). We affirm.

# Facts and Procedural History[1]

This case was initiated on October 29, 2018, when Powell filed a notice of claim in the Marion Small Claims Court alleging mortgage fraud. Appellant's App. at 247. On November 16, 2018, Wells Fargo filed a motion for a more definite statement, asserting that Powell's notice of claim did not clearly identify the defendants or the bases for his claim. Appellee's App. at 2-5. On November 19, 2018, Powell filed an amended notice of claim, naming Wells Fargo, N.A. and Wells Fargo Home Mortgage as the defendants and alleging that Wells Fargo Home Mortgage fraudulently prepared loan documents for Powell by preparing Housing of Urban Development ("HUD") documents so that it appeared that his loan was for $45,000 when it was actually for $15,500. *Id*. at 8. He further alleged that his loan and mortgage were then sold or assigned to various other banks, including EMC Mortgage Corporation, that EMC fraudulently foreclosed on his loan and mortgage, that EMC was

---

[1] Powell inappropriately includes and relies on material in his appellant's appendix that was not part of the record below. *See* Ind. Appellate Rules 2(E) (defining clerk's record), 2(L) (defining record on appeal), and 50(A) (stating that purpose of appendix is to provide parts of the record on appeal necessary for the Court to decide issues presented). Accordingly, we will ignore that material.

acquired by JPMorgan Chase, and that he settled the foreclosure lawsuit with JPMorgan Chase for $30,000 in 2016. In making these allegations, Powell referred to exhibits, but the exhibits were not attached to the amended notice of claim.

[3] Also on November 19, 2018, the court issued an order ("the November 2018 order") granting Wells Fargo's motion and ordering Powell to file a more definite statement. In that order, the court noted that Powell's amended notice of claim did not satisfy the requirement for a definite statement because exhibits were not included in the filing. Appellant's App. at 14.

[4] On December 7, 2018, Powell filed a response to the November 2018 order, with exhibits A through P attached, in which he named Wells Fargo, N.A. and Wells Fargo Home Mortgage as the defendants and alleged that Wells Fargo Home Mortgage fraudulently prepared his loan by using HUD documents when Wells Fargo knew that Powell did not have a HUD loan, prepared the HUD loan documents to make it look like Powell's $15,000 loan was for $45,000, and violated HUD regulations by charging loan underwriter fees. *Id.* at 17. He alleged that Wells Fargo knew these "statements" were untrue and intended to deceive him with these statements and that he justifiably relied on these statements. *Id.* As a result, he alleged, EMC fraudulently foreclosed on his note and mortgage and in 2016 he "had to pay $30,000 on a $15,000 loan to repurchase his home from JPMorgan Chase." *Id.* at 15-17. Powell also alleged that in August 2018, Wells Fargo, N.A. settled a fraud claim with the federal

government for the abuses of Wells Fargo Home Mortgage and agreed to pay $500,000,000 in civil penalties for these and other actions. *Id*. at 18.

[5] The exhibits attached to Powell's response show that in September 2000, he borrowed $15,750 with interest charged at a yearly rate of 12.5% from Alliance Funding, a division of Superior Bank FSB, and that Wells Fargo Home Mortgage acted as a broker for the loan and prepared the loan documents. Appellant's App. at 28, 32, 37, 62. Powell's loan was secured by a mortgage on Powell's Indianapolis property. *Id*. at 37, 62. Also attached to Powell's response is page 2 of the HUD settlement statement for his loan, which indicates on the first line that the broker's commission was based on a "price" of $45,000. *Id*. at 30. Another attached exhibit is the Truth-In-Lending disclosure statement, which indicates that the total finance charge of Powell's loan was $45,999.40 and that the total dollar amount required to pay off Powell's note would be $60,512.40. *Id*. at 48. In connection with Powell's loan of $15,750, Wells Fargo Mortgage received a brokerage fee of $825. *Id*. at 28, 30.

[6] On December 26, 2018, Powell filed a motion for default judgment based on Wells Fargo's failure to file an answer or any other defense. *Id*. at 8. The following day, the court issued an order denying Powell's motion for default judgment. *Id*. at 10. On January 18, 2019, Wells Fargo filed a motion for

judgment on the complaint.[2]  On February 4, 2019, the court issued an order concluding that Powell's claims were time-barred, granting Wells Fargo's motion for judgment on the complaint, and entering final judgment in favor of Wells Fargo and against Powell on all Powell's claims.  *Id*. at 11.  This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not err in denying Powell's motion for default judgment.

[7]  Powell asserts that he was entitled to default judgment because Wells Fargo failed to file a responsive pleading after he filed his response to the November 2018 order.  He presents a question of law that we review de novo.  *See Miller v. Danz*, 36 N.E.3d 455, 457 (Ind. 2015) ("Interpretation of our Trial Rules is … a question of law that we review de novo.").  To support his argument, Powell relies on Indiana Trial Rule 55(A), which provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted by the court."  However, Powell ignores Indiana Small Claims Rule 4, which states, "All defenses shall be deemed at issue *without responsive pleadings*, but this provision shall not alter the burden of proof."  (Emphasis added.)  Thus, in small claims court, a defendant is not

---

[2] This motion is not in the record.

required to file a responsive pleading, and a defendant's failure to file a responsive pleading is not grounds for a default judgment. *See* Ind. Small Claims Rule 10(B) (providing that court may enter default judgment when a defendant fails to appear at the time and place specified in the notice of claims). Accordingly, the trial court did not err in denying Powell's motion for default judgment.

## Section 2 – The trial court did not err in granting Wells Fargo's motion for judgment on the complaint.

[8]  Powell also contends that the trial court erred in granting Wells Fargo's motion for judgment on the complaint on the basis that his claim was time-barred. A motion for judgment on the pleadings should be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017) (quoting *Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014)). We review a trial court's ruling on a motion for judgment on the pleadings de novo basing our decision solely on the pleadings and accepting as true the material facts alleged in the complaint. *Id*.

[9]  The statute of limitations for a fraud claim is six years. Ind. Code § 34-11-2-7. Although the alleged fraud occurred in 2000, Powell claims that Wells Fargo hid their fraud, and therefore the statute of limitations did not begin running until he discovered the fraud when he "was watching television in 2018 and learned that Wells Fargo had agreed to pay a fine and compensation to some of its recent mortgage customers[,]" and he "took out his mortgage documents

and found a number of errors in them." Appellant's Br. at 5. In support, he relies on Indiana Code Section 34-11-5-1, which provides, "If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."

[10] Powell's amended notice of claim and his response to the November 2018 order and exhibits attached thereto do not provide any allegations or facts that suggest that Wells Fargo concealed the HUD settlement statement, in which the allegedly fraudulent statements were made, from Powell. Rather, when Powell learned about Wells Fargo's settlement with the federal government in 2018, the news prompted him to look at loan documents that were already in his possession. Accordingly, Section 34-11-5-1 is inapplicable. The statute of limitations has run on Powell's fraud claim against Wells Fargo, and therefore the trial court did not err in finding that his claim was time-barred and in granting Wells Fargo's motion for judgment on the complaint.

[11] Affirmed.

Bradford, J., and Tavitas, J., concur.