FILED

May 10 2023, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Michael Roth
Eichhorn & Eichhorn, LLP
Indianapolis, Indiana

APPELLEE PRO SE

Kathryn Gillette
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Imad Shawa, M.D.,
*Appellant-Defendant,*

v.

Kathryn Gillette,
*Appellee-Plaintiff.*

May 10, 2023

Court of Appeals Case No.
22A-CT-1667

Appeal from the Marion Superior
Court

The Honorable Gary L. Miller,
Judge

Trial Court Cause No.
49D03-1902-CT-7323

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

[1] Kathryn Gillette sued the "physician on duty-St. Francis" Hospital for battery. Nearly three years after her claim arose, Gillette amended her complaint alleging that Dr. Imad Shawa was the physician who touched her arm without her permission. Dr. Shawa moved for summary judgment on the grounds that Gillette's amendment did not meet the two-year statute of limitations for battery claims. The trial court disagreed, relying on Indiana Trial Rule 17(F), which allows for "unknown" parties to be substituted into a complaint at any time. We reverse and grant Dr. Shawa's motion for summary judgment, finding he was not unknown to Gillette.

## Facts

[2] In late February 2017, Gillette's mother, Joyce, was admitted to St. Francis Hospital's intensive care unit. Joyce suffered from several medical complications and had a living will with a "do not resuscitate" order. Nevertheless, hospital staff briefly placed Joyce on a ventilator, allegedly with the family's permission. Distraught that her mother's wishes were not being followed, Gillette presented a copy of the living will to hospital staff the next day and urged them to follow its instructions. Still, a heated argument arose between Gillette and hospital staff over Joyce's care.

[3] Gillette later returned to the hospital with a written request for an emergency hearing to force the attending physician to honor Joyce's living will. When Gillette found the proper physician, Dr. Shawa, Gillette threatened to sue both

him and the hospital "for a lot of money." Appellant's App. Vol. II, p. 123. Concerned over Gillette's "emotional and aggressive" state, Dr. Shawa led Gillette by the arm to a nearby room to discuss her mother's care. *Id.* Gillette objected to being touched, and Dr. Shawa left the room.

[4] That same night, Gillette and her husband discussed that she had a potential claim for civil battery against the physician who touched her arm. But despite knowing certain identifying details about the physician—the hospital where and department in which he worked, what he looked like, and the approximate time the alleged battery occurred—Gillette did not remember the physician's name. Although Gillette tried to find the name by searching the hospital website, she did not discover that Dr. Shawa was the physician who touched her.

[5] Gillette filed her battery claim just a few days before the two-year statute of limitations expired.[1] As Gillette still had not learned the physician's name, her complaint named the defendant as "physician on duty-St. Francis." Appellant's App. Vol. II, p. 24. Nearly a year later, while going through Joyce's medical records obtained through discovery, Gillette learned that the proper defendant was Dr. Shawa. At this point, with the trial court's permission, Gillette amended her complaint to substitute Dr. Shawa for the anonymous physician on duty.

---

[1] In her complaint, Gillette also sued Franciscan Alliance, Inc., and various hospital employees for a variety of claims. Appellant's App. Vol. II, p. 24. This appeal only concerns the battery claim against Dr. Shawa.

Dr. Shawa moved to dismiss the case, arguing that Gillette should not be allowed to amend her complaint after the expiration of the statute of limitations because his identity was not "unknown" during that two-year period. The trial court at first granted Dr. Shawa's motion and dismissed the case. But after Gillette successfully moved to reconsider, the court reinstated the case. Following additional discovery, Dr. Shawa moved for summary judgment on the statute of limitations issue, arguing that Gillette's deposition testimony proved she reasonably should have known his identity before the statute of limitations expired. The trial court denied Dr. Shawa's motion, and he now appeals that decision.

## Discussion and Decision

### I. Standard of Review

We apply the same standard as the trial court when reviewing summary judgment rulings. *Fox v. Barker*, 170 N.E.3d 662, 665 (Ind. Ct. App. 2021). The moving party bears the burden of showing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* Cases involving a statute of limitations defense are "particularly suitable" for resolution on summary judgment. *Myers v. Maxson*, 51 N.E.3d 1267, 1276 (Ind. Ct. App. 2016). When the moving party establishes a violation of the applicable statute of limitations, the burden shifts to the nonmovant to establish an issue of material fact negating the defense. *Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 695 (Ind. 2000). Lastly, we note that while Gillette represents herself in this appeal, "[i]t is well settled that pro se litigants are held to the same legal

standards as licensed attorneys." *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016).

## II. Statute of Limitations

[8] In Indiana, the statute of limitations for battery is two years from the date on which the claim arose. Ind. Code § 34-11-2-4. Neither party contests when the clock started on Gillette's claim or that she filed her complaint within the two-year period. Instead, the parties dispute whether Dr. Shawa was "unknown" to Gillette before she amended her complaint to name Dr. Shawa as a defendant under Indiana Trial Rule 17(F).

[9] Although Trial Rule 17 generally requires that lawsuits "be prosecuted in the name of the real party in interest," Ind. Trial Rule 17(A), Section F provides:

> **Unknown persons**. *When the name or existence of a person is unknown*, he may be named as an unknown party, and when his true name is discovered *his name may be inserted by amendment at any time.*

Ind. Trial Rule 17(F) (emphasis added). This ability to insert an unknown defendant into a lawsuit at any time creates obvious tension with the rationale underlying statutes of limitations—that they "afford[] security against stale claims." *Shideler v. Dwyer*, 417 N.E.2d 281, 283 (Ind. 1981); *see also Craven v. Craven*, 103 N.E. 333, 335 (Ind. 1913) (stating that statutes of limitations "rest upon sound public policy," "tend to the peace and welfare of society" and are "essential to the general welfare and wholesome administration of justice"). Recognizing this tension, our Supreme Court has "decline[d] to expansively

interpret and apply 'unknown' as used in" Rule 17(F) to prevent this otherwise "unlimited extension of the statute of limitations." *Miller v. Danz*, 36 N.E.3d 455, 459 (Ind. 2015).

We find this case controlled by *Miller v. Danz*, in which our Supreme Court rejected an attempted amendment based on Rule 17(F). *Id.* at 459. The plaintiff in *Miller* lost a job opportunity with the Indianapolis Mayor's Office and filed claims against various people connected to the incident, with some defendants named anonymously. Before the statute of limitations expired, the plaintiff knew the name of the unknown defendant's husband, where she worked, and how she connected to his claim. Despite knowing this information, the plaintiff waited until after the statute of limitations expired to amend the complaint under Rule 17(F) to include the defendant's name, claiming to have recently discovered the name during a deposition. Although the plain language of Rule 17(F) allows for the amendment of unknown defendants "at any time," our Supreme Court rejected the amendment after considering "the circumstances of [the] plaintiff's probable knowledge of th[e] defendant's identity." *Id*. In effect, because the defendant knew specific facts that had the potential to identify the unknown defendant before the statute of limitations expired, the defendant was not "unknown" under Rule 17(F). The same situation exists here.

When Gillette's claim arose, she knew multiple identifying details about Dr. Shawa, including where he worked, the specific department he worked in, when he had been working on a specific day, and even what he looked like. Despite possessing this knowledge from the moment her claim accrued,

Gillette's search for Dr. Shawa amounted solely to scanning the website of St. Francis Hospital—a website that included Dr. Shawa's name and photograph. Appellant's App. Vol. II, p. 126.

[12] Gillette highlights that the hospital website lists Dr. Shawa as "Independent—Not Employed by Franciscan Health," a potentially confusing label. But the website was not the only way Gillette could have identified Dr. Shawa. Many alternative methods of identification existed. At any point, Gillette could have returned to the hospital, for example, and located Dr. Shawa using any of the several identifying details she possessed. Her failure to do so undermines the protection against "litigation of stale claims" that statutes of limitation afford both courts and defendants. *V. Ganz Builders & Dev. Co. v. Pioneer Lumber, Inc.*, 59 N.E.3d 1025, 1032 (Ind. Ct. App. 2016) (quoting *Russo v. S. Dev., Inc.*, 868 N.E.2d 46, 48 (Ind. Ct. App. 1999)).

[13] Much like the plaintiff in *Miller*, Gillette contends that she diligently searched for Dr. Shawa's existence and quickly moved to amend her complaint after learning his name through discovery. But the record shows otherwise. Gillette's main argument is that she could not have reasonably found Dr. Shawa's name through her mother's medical records earlier because they are voluminous and complex.[2] Yet, accepting that as true for the purpose of summary judgment, it

---

[2] Although we recognize the difficulty Gillette asserts to have had as a pro se litigant in examining the evidence in this case, we can afford her no more leeway in conducting discovery than we would a licensed attorney. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016).

does not excuse Gillette's failure to take any action aimed at identifying Dr. Shawa other than scanning the hospital's website—which did, in fact, identify him.

[14] Thus, under these circumstances, we find that Gillette's failure to use her "probable knowledge" of Dr. Shawa's identity "preclude[s] operation of [Trial Rule 17(F)'s] unlimited extension of the statute of limitations." *Miller*, 36 N.E.3d at 459. We reverse and remand with instructions for the trial court to enter summary judgment for Dr. Shawa.

Bailey, J., and Brown, J., concur.